CASE 46—PETITION ORDINARY—SEPTEMBER 17.

2b 191
88 549

## Burnam vs. Romans.

APPEAL FROM GARRARD CIRCUIT COURT.

If the petition sets forth sufficient grounds for an attachment, the requisite affidavit prescribed by *section* 222 *of the Civil Code* may be dispensed with, if the petition is sworn to.

R. M. & W. O. BRADLEY, For Appellant,

CITED—

*Civil Code, secs.* 261, 345.

*Myers' Sup., p.* 40, *sec.* 11, *Act of* 1861.

*MSS. Opin., Dec.,* 1856; *Smith vs. Haley.*

*MSS. Opin., June,* 1857; *Waller vs. Eddy.*

*MSS. Opin., Feby.,* 1858; *Haynes, &c., vs. Hawkins.*

ANDERSON, For Appellee,

CITED—

*Civil Code, secs.* 259, 261, 224.

18 *B. Mon.,* 632; *Lane vs. Robinson.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This was a proceeding by attachment, and the first alleged error complained of is, that the court below did not discharge the attachment, on motion of appellant, because the order therefor did not specify the amount for which it was allowed. The clerk who granted the attachment states that the same is granted "according to the prayer of the petition, upon the execution of a bond as required by law." The prayer of the petition is, that appellee may have judgment for his said debt, the amount of which he had specified in his petition,

interest, and costs, and for an attachment against the property of appellant for the satisfaction of said judgment. So that, by reference to the prayer of the petition, the officer whose duty it was to issue the attachment could be at no loss to ascertain the amount for which it was allowed; and, by observing the directions in the order, could not err in his duty; and, upon an examination of the order of attachment which issued in this case, it is found to contain specific directions to the sheriff to attach and safely keep so much of appellant's property, not exempt from execution in his county, as will satisfy the claim of appellee for eighty-six dollars and fifty cents, and thirty dollars for the costs thereof, presenting a substantial, if not a literal, compliance with the 261*st section, Civil Code.*

Before the order of attachment issued in this case, appellee executed a bond, with surety, in compliance with *section 224, Civil Code.*

It has often been held by this court, that if the petition sets forth sufficient grounds for an attachment, the requisite affidavit prescribed by *section 222, Civil Code,* may be dispensed with, if the petition be sworn to. In this petition appellee states that his claim is just, and has never been paid; that he ought to recover thereon the sum of eighty-six dollars and fifty cents, with interest and cost; that it is of the nature above set forth; "and that the defendant is about to depart from this State without leaving property sufficient therein to satisfy his claim, or the claim of his creditors, with the intent of cheating, defrauding, and delaying them." Here is a direct allegation of the material facts to authorize an attachment, distinctly and unequivocally made, which a denial by the defendant would put in issue. Nothing more is required of the pleader; and an affidavit by him that they are

true, to the best of his knowledge, information, and belief, must be sufficient, as enunciated in *Williams vs. Martin* (1 *Met.*, 42).

The law and facts, by consent of the parties, were referred to the court; and, while there may be some conflict in the evidence, the preponderance, as it impresses us, sustains the conclusion reached by the circuit judge. Nor did he abuse a sound discretion in permitting appellee to examine Blankenship as a witness.

There was no motion in this case to postpone the trial. The case had been heard; and, while the court held it under advisement, and before a judgment had been rendered, appellee moved the court, in presence of appellant's attorneys, if he himself was not present, which does not certainly appear, to be permitted to examine a witness, who had not been previously examined, as to facts material to the issue. No reason having been offered by appellant sufficient, in the opinion of the court, to refuse the motion, he permitted the witness to testify. From this statement, it is apparent that it was a question addressed to the discretion of the court, could produce no delay in the trial, and was not embraced by *section* 345, *Civil Code*, and the authorities cited, all of which relate to the mode of, and grounds for which, trials may be postponed.

As, therefore, no error is perceived prejudicial to appellant, the judgment is *affirmed*.