CASE 84—PETITIONS EQUITY—MAY 9.

# Kleine, Timberman & Co. v. Nie, &c.

# Katzenstein & Wachtel v. Nie, &c.

# Luhn & Co. v. Nie, &c.

# Neinaber & Son v. Nie.

APPEALS FROM KENTON CHANCERY COURT.

1. FRAUDULENT ASSIGNMENT FOR CREDITORS.—The fact that a debtor, prior to the making of an assignment for the benefit of creditors, concealed a part of his property for the fraudulent purpose of selling it and using the proceeds to effect a compromise with his creditors, invalidated the assignment.

2. ATTACHMENT FOR DEBT NOT DUE—POWER OF CLERK TO ISSUE.—An attachment granted and issued by the clerk was void to the extent that

it included a debt not due, and the attachment was to that extent prop-erly discharged, the clerk having no power, prior to the amendment of April 5, 1888, to section 238 of the Code, to grant an attachment for a debt not due.

3. ISSUAL OF ATTACHMENT WITHOUT EXECUTION OF BOND.—The county judge having-directed the clerk to issue an attachment for a debt not due, upon the execution of the proper bond, an attachment issued by the clerk without bond having been executed was void. A bond executed prior to the order of the county judge, and including the debt not due with debts that were due, was not sufficient to give validity to the attachment.

4. ORDER FOR ATTACHMENT—FAILURE TO SPECIFY AMOUNT.—An order of the county judge directing an attachment to issue for the amount claimed in the petition, without specifying the amount, was sufficient.

5. JUDGMENT FOR DEBTS NOT DUE WHEN ACTION WAS INSTITUTED.—The plaintiff was entitled to personal judgment for debts due at the time of judgment, although not due when the action was instituted.

ORLANDO P. SCHMIDT FOR APPELLANTS.

1. The orders of the county judge granting the attachments as prayed for in the petitions was a substantial, if not a literal, compliance with sec-tion 239 of the Code, as the clerk who issued the attachments could easily ascertain the correct amounts from the petitions, which he did. (Burnam v. Romans, 2 Bush, 191.)

2. The assignment for benefit of creditors was made with a fraudulent mo-tive, and therefore the creditors had the right to treat it as a nullity and attach the assigned property. (Bank of Commerce v. Payne & Viley, 10 Ky. Law Rep., 40; Pitt's Trustees v. Viley, 4 Bibb, 446; McKinley v. Combs, 1 Mon., 105; Moffat v. Ingham, 7 Dana, 495; Stewart v. Hall, 3 B. Mon., 220; Byrd v. Bradley, 2 B. Mon., 239; Ward v. Trotter, 3. Mon., 1; Townsend v. Hamell, 18 Ala., 301; Benning v. Nelson, 23 Ala., 801; Ruble v. McDonald, 18 Iowa, 493; Lampson v. Arnold, 19 Iowa, 479; Kayser v. Heavenrich, 5 Kan., 324; Flannigan v. Lampmar, 12 Mich., 58; Farrington v. Sexton, 48 Mich., 454; Griffin v. Marquardt, 3 Smith, 30.).

Property fraudently conveyed may be attached, under the provisions of the Civil Code, without first obtaining judgment and return of *nulla bona*. (Martz v. Pfeiffer, &c., 80 Ky., 600; Little v. Ragan Brothers, 7 Ky. Law Rep., 391.)

An assignee for the benefit of creditors generally is not a purchaser for value, but stands in the shoes of his assignor. (Bridgeford, Trustee, v. Barbour, 80 Ky., 534; Tandy's Assignee v. Robbins, Willis & Co., 8 Ky. Law Rep., 265.)

The case of Emerson v. Senter, 118 U. S., 3, which went up from the

· State of Arkansas, merely follows the previous adjudications of the Supreme court of that State. (Hempstead v. Johnson, 18 Ark., 123; Cornish v. Dews, 18 Ark., 172; Mandell v. Peay, 20 Ark., 329.)

J. F. & C. H. FISK for appellees.

1. As the debts were not due, the clerk had no authority to issue the attachments until granted by one of the officers or tribunals mentioned in section 238 of the Code, in the manner designated by section 239. The order granting the attachment must specify the sum for which it is allowed.

But even if the order allowing the attachment had been such as the Code requires, the clerk had no authority to issue the attachment without the execution of a bond. (Civil Code, section 240.)

2. Although the debtor may have acted from a bad motive in making the deed of assignment, yet as the deed itself, by its terms and conditions, is valid and fair, it must be upheld. (2 Perry on Trusts, sec. 585, p. 129; Id., sec. 590, p. 133; 4 East, 9; 5 T. R., 424; 1 Binn, 514; 6 B. Mon., 254; Reinhard, &c., v. Bank of Ky., 6 B. Mon., 252; Vernon, &c., v. Morton & Smith, &c., 8 Dana, 251; Bixby v. Corskaddon, 7 Chicago Law Journal, 343, Sup. Ct., Iowa; Wilson v. Berg et al., The Reporter, vol. 7, p. 508; Thomas, Assignee, v. Talmadge, &c., 16 Ohio State, 438; Christopher v. Covington and Smith, 2 B. M., 358; Hyde & Co. v. Olds et al., 12 Ohio St., 594; Bancroft, &c., v. Blizzard, 13 Ohio, 30; German Ins. Bank v. Ames, &c., 80 Ky., 336; Marbery v. Brooks, 7 Wheat, 580; Reed v. McIntyre, 98 U. S., 510; Mayer, &c., v. Hellman, 91 U. S., 500; Kneeland on Attachments, secs. 248, 249, 339.)

3. The fact that creditors may be delayed does not invalidate the assignment. (Mayer v. Hellman, 91 U. S., 500; Brashear v. West, 7 Pet., 614.)

4. Even though the assignment was fraudulent, it can not be attacked by attachment. A different rule of procedure is prescribed by law. (Gen. Stats., chap. 44, art. 2; Floyd & Co. v. Smith, 9 Ohio St., 646; Gerst, &c., v. Turley, &c., 7 Ky. Law Rep., 217.)

5. Any property concealed or withheld by the debtor from the assignee, even though fraudently withheld, passed to and vested in the trustee for the benefit of all creditors alike. (Knefler v. Shreve, 78 Ky., 306–308; Spindle v. Shreve, 111 U. S., 542–545, Emerson v. Senter, 118 U. S., 3.)

6. The declarations of the assignors *after* the execution of a deed of assignment are never admissible; and even though made before or at the time of the execution of such deed, they can not alter or modify the provisions of the deed itself. (2 Wharton, Law of Evidence, sec. 1164; Kneeland on Attachments, sec. 343; Burrill on Assignments, 4th Ed., secs. 351, 404.)

7. As the attachment was obtained after the execution of the deed of as-

signment, the levy of the attachment upon property embraced in the deed created no lien. (Nethercutt, &c., v. Herron, &c., 10 Ky. Law Rep., 248.)

8. The findings of fact by the court will be treated as the verdict of a jury, and will not be disturbed unless flagrantly against the evidence. (Mulholland & Bros. v. Samuels, 8 Bush, 66; Baum v. Winston, 3 Met., 129; P., C. & St. L. R. R. Co. v. Woolley, 12 Bush, 453; Fraley v. Peters, 12 Bush, 471; Judge, &c., v. Braswell, &c., 13 Bush, 67; Moore v. Estes, 79 Ky., 283; Whitlock v. Ledford, 82 Ky., 391; Russell, &c., v. M., H. C. & C. T. P. R. Co., 13 Bush, 307; Coleman's Executor v. Meade, &c., 13 Bush, 358; Helm v. Coffey, 80 Ky., 176.)

9. There being no motion for a new trial, no alleged error committed by the court during the progress of the trial can be considered. The same rule applies that would apply if there had been a jury trial. (Harper v. Harper, 10 Bush, 451; Helm v. Coffey, 80 Ky., 176; Henderson, &c., v. Dupree, &c., 82 Ky., 679, 681; Civil Code, secs. 331, 332.)

The motion for new trial was not made in time. The day on which the motion was filed must be computed. (Long v. Hughes, 1 Duv., 387; White v. Crutcher, 1 Bush, 472; Humphrey v. Walton, 2 Bush, 580; Chiles v. Smith's Heirs, 13 B. M., 460.)

10. The measure of damages in trover is the value of the property at the time and place of conversion. (Sedgwick on Measure of Damages, 4th Ed., 547; Kennedy v. Whitwell, 4 Pick., 466; Sargent v. Franklin Ins. Co., 8 Pick., 90; Greenfield Bank v. Leavitt, 17 Pick., 1; Johnson v. Sumner, 1 Met. (Mass.), 172; Pierce v. Benjamin, 14 Pick., 356; Fowler v. Gilmar, 13 Met. (Mass.), 267; Lillard v. Whittaker, 3 Bibb, 92; Oulton v. Barnes, Litt. Sel. Cases, 136, 137; 8 Walt's Actions and Defenses, 483; Moak's Underhill on Torts, p. 76; Sedgwick's Lead. Cases on Meas. Dam., 646; Sutherland on Damages, vol. 1, pp. 173, 174 and notes; Id., vol. 2, pp. 488, 489 and notes; Clarion Bank v. Jones, 21 Wall, 328; Freeman v. Luckett, 2 J. J. Mar., 393; Greer v. Powell, 1 Bush, 499; Daniel v. Holland, 4 J. J. Mar., 26; Sanders v. Vance, 7 Mon., 214; Younger v. Givens, 6 Dana, 2; Levi v. Stallard, 6 Ky. Law Rep., 656; Newcomb-Buchanan Co. v. Baskett, 14 Bush, 667; First Nat. Bank of Louisville v. Boyce, 78 Ky., 56.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

On the 29th day of October, 1884, the appellee, Wm. Nie, professed to convey, by deed, all his property to the appellee, Furber, for the equal benefit of his creditors. The appellants, on the 30th and 31st of October, 1884, and the 1st day of November, 1884, instituted their re-

Vol. 88—35

spective actions of debt against the appellee, Nie, and
sued out attachments in each of said actions, which were
levied upon a lot of dry goods belonging to the appellee,
Nie, which goods were claimed by the appellee, Furber,
as Nie's assignee. The Chancellor discharged the attach-
ments, and rendered a final judgment in the several ac-
tions, which had been theretofore consolidated. These
actions are here by appeal.

The attachments were sued out upon the grounds
that the appellee, Nie, had and was about to conceal,
convey and dispose of his property, with the fraudulent
intent to cheat, hinder and delay his creditors in the col-
lection of their debts.

The proof is : That the appellee, as a merchant tailor in
the city of Covington, owned a stock of goods suitable
to his business, worth at least five thousand dollars; that
about midnight on the night of the 28th of October,
1884, Nie was discovered conveying, by means of a large
wagon, a portion of his goods from his business house to
a place of concealment; that about the 27th and 28th of
October, 1884, he conveyed, by other means, more goods
from his business house to a place of concealment; that
early on the morning of the 29th of October, 1884, he
caused the deed of assignment to be executed. Having,
after the deed was executed and recorded, informed his
attorney that he had, before making the deed, secreted
some of his goods, and his attorney having informed
him that such conduct would subject the deed of assign-
ment to successful attacks by his creditors, he professed
to replace, for the benefit of the trustee, said property,
and pretended to return it to his business house for that

purpose; but it is a well-established fact that he returned a part only of the goods that he had previously removed, leaving a considerable portion of them concealed, which remained in concealment until they were discovered by a detective who was put upon the hunt of them. It is said that he would also have returned these goods if he had had time. The fact is, he did have time, but he did not return them. He had ample time to inform his assignee where they were secreted; he knew, but he did not do so. The fact is, he did not intend to do so. He said that he had been advised to secrete a portion of his goods, and then assign the balance for the benefit of his creditors, and afterwards use the proceeds of the goods secreted to effect a compromise of his debts with his creditors; that in removing and secreting the goods he was acting pursuant to this advice, but finding out his mistake he returned the goods to his place of business; but, according to the proof, he only returned enough to make a show of having returned all, and withheld those that had been removed by other means than by the large wagon, the proof of the removal of which could not be so easily made. So the record shows, beyond question, that the appellee, Nie, concealed a large portion of his property for the fraudulent purpose of assigning the balance of his property for the equal benefit of his creditors, and inducing them to accept terms of compromise advantageous to himself but unjust to themselves, which purpose he never in fact abandoned. Therefore, these cases come squarely within the principles announced in the case of Bank of Commerce v. Payne, Viley & Co., &c., 86 Ky., 446; according to which the appellee's fraudulent con-

duct rendered his property liable to the appellants' attachments.

At the time the appellants, Kleine, Timberman & Co., obtained their attachment one of their debts sued on was not due, which fact appeared in their petition, notwithstanding which the clerk of the circuit court included said debt in the order of attachment issued by him; also the attachment bond taken by him included this debt. The appellants, on the next day after filing their petition, filed an amended petition, in which the appellants set out the debt not due, and asked for an order of attachment thereon, which the county judge granted upon condition that the necessary bond was given. According to section 238 of the Civil Code, the circuit clerk, at the time the attachment was issued in this case, had no power to issue an attachment on a debt not due; such power, by said section, was vested alone in the judge of the court in which the action was pending, or the presiding judge of the county court, or any circuit judge.

Also, section 239 provides, that the order of attachment "shall specify the sum for which it is allowed." Also, section 240 provides, that such order of attachment shall not be issued by the clerk until bond be executed pursuant to section 198 of the Civil Code.

The judge of the county court, as said, having granted the order of attachment upon condition that an attachment bond was executed pursuant to section 198, the circuit clerk issued the attachment without such bond having been executed, supposing, doubtless, that the bond theretofore given answered the purpose of the bond mentioned in the county judge's order.

The clerk had, at the time the attachment was issued, no jurisdictional power to issue an attachment upon a debt not due; such power was vested exclusively in others. The issuing of the attachment on this debt, by the clerk, was not merely the erroneous exercise of a general power, or a defective exercise of such power, but the jurisdictional power itself was wanting, which rendered void—not merely erroneous—the granting of the attachment and the taking of the bond to the extent that the debt was not due. Therefore the bond was no protection to the appellee to the extent of the issuing of the attachment on the county judge's order. To this extent the Chancellor did right in discharging the attachment.

The debts in the cases of Katzenstein & Wachtel and J. W. Luhn & Co. were due at the time the actions were instituted.

Neinaber, Son & Co.'s debt was not due. The county judge granted the order of attachment in this action upon the condition that the required bond was executed, which bond was executed. But the appellees object to this order of attachment upon the ground that it failed to specify the sum for which it was allowed. The petition specifically described the debt, and asked for an attachment and judgment for that sum. The order directed that the attachment issue for the amount claimed in the petition, which order was, according to Burnam v. Romans, 2 Bush, 191, sufficient.

Except as to the debt not due in the Kleine, etc., case, all the attachments ought to have been sustained.

As the attachments, except as to said debt not due, in all of the actions, will have to be sustained upon the

return of the cases, and as the debts were all due at the time the judgment was rendered by the Chancellor, the appellants, according to section 243 of the Civil Code, will be entitled to personal judgments for the amount of their respective debts that were not due at the time their actions were instituted.

The judgment in said cases is reversed and the cases remanded, with directions to enter judgment consistent with this opinion.