CASE 99—ACTION TO SUBJECT PROPERTY FRAUDULENTLY CONVEYED AND
CONCEALED TO THE PAYMENT OF DEFENDANT'S CREDITORS—MAY 10.

# Maskovitz v. Simon, &c.

APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENT UPHOLDING DEED OF ASSIGNMENT FOR BENEFIT OF CREDITORS,
AND DENYING EXEMPTIONS CLAIMED BY DEFENDANT MASKOVITZ,
AND HE APPEALS, PLAINTIFFS PROSECUTING A CROSS APPEAL—AF-
FIRMED.

ASSIGNMENTS FOR CREDITORS—FRAUDULENT INTENT—REPEAL OF STAT-
UTE—EXEMPTIONS.

Held: 1. Kentucky Statutes, section 1906, part of Act of December
20, 1892, relating to fraudulent conveyances, to the extent it
provides that every assignment made with intent to hinder, de-
lay, or defraud creditors shall be void, was repealed by Ken-
tucky Statutes, section 75, part of Act of March 16, 1894, relat-
ing to voluntary assignments, which provides that the intent of
the assignor in making the assignment shall not invalidate the
deed "unless he be solvent, and it appear that the assignment
was made to hinder or delay creditors"; and therefore a deed
of assignment made since that statute became operative is valid
if the assignor was insolvent, whatever may have been his in-
tent.
2. The assignor was not entitled to exemptions out of the assigned
stock of goods where he had never accounted for goods con-
cealed just before the assignment, which were of greater value
than any exemptions that might be due him, especially as he
had the ordinary household goods exempted by law.

PROCTOR & HERDMAN, FOR APPELLANT.

(No brief in record.)

W. E. GARTH, FOR APPELLEE, SIMON.

The issue presented in this appeal is the question whether or
not the goods of Sam Maskovitz should have been subjected to
the payment of the debts of the attaching creditors when their
attachments were sustained. The court had no trouble in sus-
taining these attachments upon the fraud clearly shown by
abundant testimony, but, upon final trial of the actions, the

court refused to subject the property attached to the debts of
these creditors on account of section 75, Kentucky Statutes,
part of which is as follows: "And the intent of the assignor in
making the assignment whether appearing upon the face of
the deed or otherwise, shall not invalidate the deed unless
he be solvent, and it appears that the assignment was made to
hinder or delay creditors."

It was finally adjudged that the attachments should be sus-
tained, but that the property could not be applied to those
debts, but must be distributed *pro rata* among all the creditors
notwithstanding the attachments.

In order to maintain that position it is necessary to adjudge
that this one little clause of the statute repeals all the law
in this State in chapter 54 of the same statutes, especially the
first section thereof, that being section 1906, Kentucky Statutes.

### AUTHORITIES CITED.

Ky. Stats., secs. 75, 1906; Bank of Commerce v. Payne & Co.,
86 Ky., 446; Kleine, Timberman & Co. v. Nie & Co., 88 Ky., 542.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

On the 19th day of October, 1898, appellant, Maskovitz,
executed a deed of general assignment to Maurice Glick
for the benefit of all his creditors. Shortly thereafter
certain creditors filed suits and obtained attachments
against Maskovitz, and caused the same to be levied on the
stock of goods assigned. The ground of attachment was
that Maskovitz had fraudulently conveyed his property
for the purpose of cheating, hindering and delaying his
creditors. Of these attaching creditors there are parties
to this record by cross appeal H. D. Simon, Simon & Sei-
forth, Harris, Salinskey & Co., and C. H. Bliss & Co. It
was also alleged that Maskovitz had fraudulently con-
cealed a part of his goods, and this was stated as a ground
of attachment. Creditors who did not attach came in and
filed their claims, and sought to uphold the deed of as-
signment, and to obtain their *pro rata* on distribution. The
assignee, these creditors not attaching, and Maskovitz

joined issue with the attaching creditors as to the validity of the assignment, and Maskovitz claimed exemption allowed to a housekeeper. Pending the litigation the court placed the goods in the hands of its receiver, and by consent they were sold, and the fund kept awaiting final judgment. The court, on hearing, sustained the attachments, and also upheld the deed, refused to allot to Maskovitz anything as exempt, and, after making allowances to the assignee, his attorneys, and to the receiver for costs, adjudged a *pro rata* distribution of the remainder among all the creditors. From this judgment Maskovitz appeals, and the attaching creditors named above take a cross appeal.

In the judgment rendered the court must have concluded that at the date of the assignment Maskovitz was insolvent, and also concluded that he was fraudulently concealing or disposing of his property to defeat his creditors, as upon no other theory could the court have refused to declare the deed void, and at the same time refuse appellant exemptions  Section 75, Kentucky Statutes, being section 2 of the act of March 16, 1894, after providing for the acknowledgment and recording the deed, and what shall pass, provides: "And the intent of the assignor in making the assignment, whether appearing upon the face of the deed, or otherwise, shall not invalidate the deed, unless he be solvent, and it appear that the assignment was made to hinder or delay creditors." Prior to the enactment of this statute this court had held in Moore v. Stege, 93 Ky., 27 (13 R., 948) (18 S.W., 1019); Kleine v. Nie, 88 Ky., 542 (11 R., 583) (11 S. W., 590); Bank v. Payne, 86 Ky., 446 (10 R., 43) (8 S. W., 856); Bank v. Nunes, 80 Ky., 334, 4 R., 16), and other cases —under the general act as to fraudulent conveyances (now section 1906, Kentucky Statutes), that the intent with which

a deed of assignment is made, and not the actual effect
of it, must determine whether or not it is fraudulent, and
therefore void. The case of Kleine v. Nie, 88 Ky., 542 (11
S. W., 590), is very similar to the facts of this case, and
the deed of assignment was held void; but this was before
the adoption of section 75, *supra*. The provision copied
*supra* was evidently inserted by the lawmakers to avoid
the rule of this court as announced in the cases to the
extent that, if the debtor is actually insolvent when the
deed of general assignment is made, the deed will be up-
held. And it would follow that, in so far as section 75
and section 1906 conflict, the latter section stands re-
pealed. Section 75 relates to general assignments made
voluntarily by the debtor, and, if he be actually insolvent
when the deed is made, it will be upheld, no matter what
fraudulent or sinister purpose the debtor might have had
in executing it. It is only when the debtor is solvent, and
the assignment was made to hinder or delay creditors,
that it may be declared void. This is the clear statement
of the act, and must be followed, although it overrules,
so far as deeds of general assignment, the former decisions
of this court. From the proof in the case we conclude
that the trial court was justified in concluding that Mas-
kovitz was insolvent, and the deed of assignment was
therefore valid.

We are of opinion that from the evidence the trial
court was correct in holding that appellant, Maskovitz,
had concealed a part of his goods. We think it shown by
a preponderance of the evidence that on Sunday before
the assignment on Monday, appellant shipped two trunks
of goods from his store that have never been accounted
for, as well as other goods taken from the store, and these
goods would more than equal any exemption that might

be due him; and, this being the case, he is in no position
to ask the chancellor for exemptions; and, besides, he had
the ordinary household goods exempted by law.   There-
fore, there was no error in denying him his claim of ex-
emptions.

The allowances made by the court are not excessive.
There is no evidence showing the services of either party
allowed, except the record of this litigation and the amount
involved.   Upon this showing we will not disturb the al-
lowances made.   There appears no error in the judgment,
and the same is affirmed on both original and cross appeal.