## Butler v. Dillehay Brick Company's Trustee.

### Same v. Same.

(Decided February 27, 1920.)

Consolidated Cases.

Appeals from Boyle Circuit Court.

1. Assignments for Benefit of Creditors—Execution of Deed.—
   Whether a deed executed by an insolvent conveying all of his

property for the benefit of his creditors must be done in this state exclusively under the provisions of sections 74 to 96 inclusive of the Kentucky Statutes, or whether it is competent for the debtor to execute a common law deed of trust for that purpose need not be determined in this case, because of the reasons stated below. For the same reason it is not necessary to determine whether the observance of the provisions of the statute or the terms of the deed are essential to the validity of the acts of the assignee or trustee.

2. Assignments for Benefit of Creditors—Persons Beneficially Interested.—The only persons beneficially interested in either character of conveyance for the benefit of creditors are the debtor who executes it and his creditors, either or both of whom may waive their right to insist upon an observance by the assignee or trustee of such requirements or terms, and where they have done so the purchaser of the property at a sale made by the assignee obtains a good title thereto, and can not complain of any such failures on the part of the assigne or trustee, and this is undoubtedly true when the assignor joins in the deed made by the trustee or assignee.

3. Assignments for Benefit of Creditors—Acceptance of Deed of Assignee.—The assignee or trustee in this case, after due advertisement, sold the real estate conveyed to him. The purchaser objected and declined to comply with the terms of the sale because the assignee had not been sworn nor executed bond nor did he sell the property under an order of court. But the assignor and creditors appeared and waived all of these formalities. Held that the purchaser would be compelled, in a proceeding for that purpose, to accept the deed of the assignee, which was likewise executed by the assignor, and to comply with the terms of the sale.

CHARLES C. FOX and BAGBY & HUGUELY for appellee.
STONE for appellant.

CHARLES C. FOX and BAGBY & HUGUELY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On April 16, 1918, the Dillehay Brick Company, a corporation doing business in Danville, Kentucky, a part of which was manufacturing brick, executed a trust deed to Henry Jackson, an attorney of that city, by which it conveyed to him as trustee all of its property for the benefit of its creditors, and in which deed he was directed to sell all of the property conveyed and convert it into cash and distribute it, after the payment of costs, among the creditors of the corporation according to their rights under the law. The deed did not purport to be a statutory assignment of the property of the corporation for

the benefit of its creditors, as is provided by chapter 7 of the Kentucky Statutes (being sections 74 to 96 inclusive), nor is the trustee anywhere designated in the writing as assignee, and there were conferred upon him, by the terms of the deed, more extensive powers than are usually conferred upon statutory assignees, although the ultimate purpose was practically the same as is intended by an assignment made by an insolvent for the benefit of creditors under the provisions of the statute.

Among the provisions of the deed attempting to confer greater powers upon the trustee, not usually contained in a statutory deed of assignment, are:

"It being understood that said property is conveyed to said party of the second part as trustee aforesaid absolutely, and with the power and right by and in the name of said trustee, as such, to make sale, transfer and conveyance thereof, or any part or portion thereof, either at public or private sale, or to rent out or lease the same, and to handle and dispose of the same as he could do if said property were held by him individually. . . . And as to said real estate, said trustee to have the right and power, in his name as such, to convey the absolute and fee simple title thereto. . . . The party of the second part named as trustee herein, and to whom said property is conveyed in his capacity as such, shall not be required to give or execute any bond before acting as such trustee or fulfilling his duties hereunder."

The trustee named in the deed accepted the trust by a written endorsement made thereon.

Included in the property conveyed by the corporation were several tracts of real estate used by it in its business of manufacturing brick.

There is a dispute as to whether the trustee qualified by taking the oath required by section 76 of the Kentucky Statutes, he claiming that he did. But whether so or not no record was made of it. No bond was executed before the county judge or other officer, and on September 16, 1918, pursuant to extensive advertisement, the real estate was sold at public outcry on terms of one-third cash and the balance in equal installments due in six and twelve months, bearing interest from date. At the sale J. F. Butler (the appellant), being the highest and best bidder, purchased the property for the sum of $18,200.00, but he afterward declined to carry out his contract of pur-

chase for a number of reasons assigned by him, among which are: That the deed of trust under which the trustee sold the property was in substance and effect a voluntary assignment by the corporation for the benefit of creditors, and that the performance of the duties imposed upon the trustee is controlled exclusively by the statutes, *supra,* which is tantamount to saying that the statutory provisions furnish the exclusive method for the distribution of the assets of an insolvent among his creditors, and supersedes the common law trust deed upon the subject; that the assignee failed to qualify within the time or in the manner provided by the statute, and that he failed to execute bond as required by it; that a proper construction of the statute, *supra,* requires an order of court for the sale of real property belonging to the assigned estate, and that no such order was obtained in this case; and that the statute requiring the real property to be sold under an order of court, an appraisement thereof before sale was necessary, but that none was made in this case. Other objections have either been expressly abandoned, or shown by the record to be unavailable.

After these objections were made known, the trustee who made the sale went before the county court and filed a report thereof, and asked that his action in making the sale be confirmed. The appellant appeared in the county court before that motion was acted upon and filed his objections as above set out. Creditors holding more than 98% of the debts of the Brick Company also appeared in the county court and filed a writing duly executed by them, in which they consented to the confirmation of the sale, expressly waiving the failure of the trustee to qualify or execute bond, and waiving the other objections to the sale urged by the purchaser. Upon final hearing the county court confirmed the sale, and from that order the appellant prosecuted an appeal to the circuit court.

In the meantime, the trustee prepared and executed a deed to the property, in which all the steps taken by him were recited. In due form the Brick Company joined him in that deed, and it was tendered to appellant, but he declined to accept it upon the same grounds which he urged against the confirmation of the sale. After his refusal to accept the deed, the trustee filed his suit in the Boyle circuit court reciting the facts and asking a

specific performance of the contract. A special demurrer to the petition was filed by appellant, in which he questioned the right of the trustee to maintain the suit because he failed to qualify as insisted, and was therefore no longer authorized to act under the trust deed. Without waiving the special demurrer, a general demurrer was filed to the petition, and before it was acted upon an answer was filed relying upon the defenses hereinbefore stated, and plaintiff (the trustee) filed a general demurrer to it. An order was made consolidating the appeal from the circuit court with the suit for a specific performance, and upon final submission the court overruled both the general and special demurrers to the petition and sustained plaintiff's demurrer to the answer. It then affirmed the judgment of the county court confirming the sale and rendered judgment in favor of plaintiff directing a specific performance of the contract. From that judgment rendered in the consolidated actions, appellant prosecutes this appeal.

Learned, lengthy and interesting discussions are indulged in by counsel for both sides upon the question as to whether the conveyance executed by the Brick Company is in substance and effect a statutory deed of assignment for the benefit of creditors, and if so whether it is necessary under the statute in this State, in order to make the actions of the assignee or trustee valid, that he should take the oath of office and that it should be evidenced of record, or whether he should also execute bond, or whether sales of real estate made by him must be ordered and directed by the court having jurisdiction of the assigned estate. We have been much entertained with the discussions of these questions by counsel, but according to our view of this record it is wholly unnecessary for us to determine them in this opinion.

No one will dispute the fact that the only interested parties in deeds of trust for the benefit of creditors, whether they be common law or statutory ones, are the debtor who executes the deed and his creditors. They are the only *cestui ques trust* under the deed. If they agree and consent to what the assignee or trustee in the deed does, no one else can complain. No public policy is involved in the literal execution of the terms of the statute in such cases, or in carrying out the terms of the deed of trust if it is a common law one, and if the *cestui*

*ques trust* legally waive the observance of the requirements of the statute or deed, it does not lie in the mouth of a stranger to object. Such waiver may be accomplished in any manner or through any act which would operate as an estoppel against future objections by, the *cestui ques trust.*

In the instant case more than 98% of the creditors appeared before the county court and expressly waived the objections now being urged by appellant, and consented that the sale of the realty by the trustee might be executed and its terms carried out. The assignor, the Brick Company, actually joined in the tendered deed, which act on its part would of course constitute an estoppel as to it. Thus we see that the only parties beneficially interested, and being all who have the right to demand of the trustee the observance of the statutory requirements insisted upon, have expressly waived their right to insist upon them, and the appellant as purchaser, having no interest except to obtain a perfect title, is not in position to complain. That it is competent for the *cestui ques trust* to waive the observance of and compliance with the terms of the statute or the terms of the deed would seem to follow as a natural and logical consequence of the ordinary rules of practice regulating transactions between individuals. But we are not without authority to the effect that the observance of the requirements of statutes regulating assignments for the benefit of creditors as well as common law deeds of trust may be waived by the creditors. 5 Corpus Juris, pages 1047-1048; Paxton v. Brown, 61 Federal 874, 10 C. C. A. 135; Lacy v. Gunn, 144 Cal. 511, and Derry Bank v. Davis, 44 N. H. 548.

In the volume, *supra*, of Corpus Juris, page 1200, in speaking on the right of waiver as applicable to the requirement of the execution of a bond by the assignee, the text says: ''The purpose of the bond being to protect the assignor and creditors, they are the only persons who have a right to object to a failure of the assignee to file the same before he begins the performance of his duties.''

In the case of Marceline Munro v. Pollie F. Meech, et al., 94 Mich. 596, the same question was before the court. The assignment was a statutory one, and the statute required the assignee to execute bond, which he

had failed to do, and the court disposed of the question in this language:

"The purpose of this bond is to protect the assignor and his creditors. If they make no objections for failure to file the bond, and the assignee proceeds and executes the trust, other parties can not complain, and *bona fide* purchasers for value will be protected. Fuller v. Hasbrouck, 46 Mich. 78; Abbott v. Choffee, 83 Id. 256; Butler v. Wendell, 57 Id. 62."

We can see no substantial distinction between the observance of the requirement for the execution of a bond and the observance of other requirements, and if the one may be waived by the only parties interested in the trust estate, it would necessarily follow that all others might likewise be waived.

However, in the case of Mitchell v. Greene, 125 Minn. 24, some of the requirements of the Assignments Statute of that State had not been complied with, and the title conveyed by the assignee was attacked for that reason. It was shown that neither the creditors nor the assignor objected because of such failure, and they permitted the sale to be confirmed as made. The court held that the deed at most was only voidable and not void, and that inasmuch as the creditors had acquiesced therein, a stranger thereto could not question its validity, and upon this point said:

"As the deed was not void but only voidable, and neither the assignors nor their creditors asked to have it set aside, the title passed to and vested in Mitchell (to whom the assignee made the sale). And, all the parties in interest having acquiesced in the conveyance, defendant, an entire stranger to the proceeding, can not be heard to question it." To the same effect is Corpus Juris, *supra*, page 1221.

If it should be insisted that the less than two per cent of the creditors have not waived their right to insist upon the non-observance by the assignee or trustee of the matters herein relied upon, the answer is that it might truthfully and logically be said that they were represented by the more than 98% of the creditors who appeared in the county court and executed the waiver hereinbefore mentioned. But, be that as it may, the record shows that the price agreed to be paid by appellant for the real estate sold by the trustee was all that the property was worth,

and unless it was otherwise, even a non-consenting creditor would have no grounds for complaint.

The conclusions reached renders it unnecessary for us to classify the instrument executed by the Brick Company, and if found to be a statutory deed of assignment, to determine whether it is essential to the validity of the sale that the trustee should qualify, execute bond and obtain an order of court for the sale of the land. It is likewise rendered unnecessary for us to determine whether the provisions of section 2356 of the Kentucky Statutes apply to a deed of trust like the one here involved.

We therefore conclude that the judgment in each of the cases was proper, and they are affirmed.