[No. 24714. Department Two. January 30, 1934.]

I. LLOYD HAHN *et al., Respondents,* v. ARTHUR H.
KROLL, *Appellant.*[1]

*D. R. Glasgow,* for appellant.
*C. E. Ellis* and *George Ferris,* for respondents.

BLAKE, J.—The plaintiffs brought this action on a
promissory note executed by defendant, Kroll, doing
business as Arthur H. Kroll Lumber Company. Kroll
only was served, and he answered, admitting the execu-
tion of the note. By way of affirmative defense, how-
ever, he alleged that the note had been paid. He al-
leged that he had made an assignment for the benefit
of creditors; that plaintiffs had agreed to the assign-
ment, waiving all personal claims against him; and
that they had accepted dividends paid by the assignee.

Replying to the affirmative matter set up in the
answer, plaintiffs admitted the execution of the agree-
ment of waiver and the acceptance of dividends

[1]Reported in 29 P. (2d) 392.

under the assignment. They alleged, however, that the waiver was procured through fraudulent representations made by Kroll, and that the dividends had been accepted in reliance upon the representations and without a true apprehension of certain material facts existing at the time the assignment was made.

The cause was tried to a jury, which returned a verdict in favor of plaintiffs. From judgment entered on the verdict, defendant Kroll appeals.

Appellant makes four assignments of error, one of which is predicated on the denial of his motion for new trial. Under this assignment, appellant seeks to review rulings on the admission of testimony of the witnesses Williams and Ellis over general objections interposed to their testimony. It is doubtful whether the objections were specific enough to entitle appellant to a review of the rulings. However, that the evidence so admitted was competent, will appear from our discussion of the other assignments of error, all of which will be discussed as one, since each is essentially a challenge to the sufficiency of the evidence to make a case for the jury under the issues made by the pleadings.

The sole controverted issue under the pleadings is whether the appellant made *any* fraudulent representations which induced respondents to accept dividends under the assignment and to execute the agreement waiving any claim against appellant on his personal liability on the note.

In 1926, and for some years prior, appellant was engaged in the lumber business under the trade name of Arthur H. Kroll Lumber Co. He maintained an office in Spokane. While he asserts he was merely a lumber broker, his activities in 1926 had attained much broader scope. At that time, he was engaged, on quite a large

scale, in the production end of the lumber business in Stevens county. He was interested in timber in that county. He was interested, either by direct ownership or through financial assistance to the owners, in two saw mills and a planing mill.

In the latter part of that year, his operations had become so involved that he deemed it wise to liquidate his lumber business. To that end, a meeting of his creditors in these lumber enterprises was called. There resulted the assignment for the benefit of the creditors of those operations. This assignment, which was executed December 4, 1926, did not purport to be a general assignment for the benefit of creditors, but only an assignment of the assets of appellant's lumber business in Stevens county. It was contemplated that only creditors who held obligations incurred by appellant in those operations should participate under the assignment.

Although the validity of such a partial assignment is challenged by respondents, and notwithstanding numerous authorities have been cited in support of their contention that it is void, we shall assume, for the purposes of this case, that the assignment is valid. So assuming, the assignment is binding, in the absence of fraud, upon all creditors participating under it. *Cerf, Schloss & Co. v. Wallace,* 14 Wash. 249, 44 Pac. 264.

One of the charges of fraud set up in respondents' reply is that appellant secreted and withheld certain assets of substantial value, which should have passed to the assignee under the assignment. If this be so, respondents are not bound by the assignment, and appellant is not discharged of his personal liability on the note, because the secreting and withholding, by the assignor, of assets of substantial value amounts to a

fraud on the rights of creditors and renders the assignment void. 2 R. C. L., 672, 698, 701; 5 C. J. 1089 (note 40); *Coursey v. Morton,* 132 N. Y. 556, 30 N. E. 231; *Penzel Grocer Co. v. Williams,* 53 Ark. 81, 13 S. W. 736; *Kleine v. Nie,* 88 Ky. 542, 11 S. W. 590; *Hubbard v. McNaughton,* 43 Mich. 220, 5 N. W. 293, 38 Am. Rep. 176; *Farrington v. Sexton,* 43 Mich. 454, 5 N. W. 654; *Mahorner v. Forcheimer,* 73 Miss. 302, 18 So. 570.

The assignment contains the following provision relating to assets assigned:

"All notes, books of account and *rights* and *credits* owned by the party of the first part against Fred Brittan or *H. B. Williams,* or other parties *arising in connection with the lumber and logging operations of the party of the first part in Stevens county, Washington.*" (Italics ours.)

In 1926, H. B. Williams was operating a saw mill in Stevens county. Beginning in the spring of that year, appellant became interested financially in Williams' operation. Respondent claims that this interest amounted to a partnership. Appellant maintains that his relationship with Williams was merely that of creditor and debtor. We do not think the decision of the case depends upon which relationship existed. In any event, appellant had put so much money in the Williams operation that he deemed it necessary to take a bill of sale to all of Williams' property used in the latter's logging and lumbering operations. Under his agreement with Williams, appellant was to make collections on account of all lumber sold, pay the expenses of operation, retain a ten per cent commission on sales, and apply the balance on account of monies he had advanced.

During 1926, appellant sold and delivered lumber, coming from the Williams mill, to Peters Lumber &

Supply Company. For such lumber, he received sixty shares of the capital stock of that company. It is not denied that he had forty shares of such stock at the time of the assignment. There was evidence to the effect that the stock was worth one hundred dollars a share. It seems clear to us that these shares of stock comprised "rights and credits . . . arising in connection with the lumber and logging operations . . . [of appellant] . . . in Stevens county." As such, they should have passed to the assignee under the assignment. The withholding of the shares by appellant amounted to fraud on the respondents. They are therefore not bound by the assignment, even though they participated in it; nor, under the authorities above cited, is the appellant discharged by it.

Judgment affirmed.

BEALS, C. J., TOLMAN, GERAGHTY, and HOLCOMB, JJ., concur.