## In re BRADLEY.
### No. 2548.

District Court, E. D. Kentucky,
at Catlettsburg.

May 6, 1939.

Howard VanAntwerp, Jr., of Ashland, Ky., for trustee.

Bradley & Bradley, of Georgetown, Ky., for Georgetown Nat. Bank.

SWINFORD, District Judge.

This case is before the Court on the petition of William H. Dysard, trustee in bankruptcy of S. M. Bradley, to review the referee's finding that the claim of The Georgetown National Bank, as the administrator of the estate of J. W. Thacker, should be allowed as a preferred claim.

S. M. Bradley, of Rowan County, Kentucky, was the owner of large tracts of land in the foothills of the mountains of Eastern Kentucky. Much of this land was owned in fee and in other he owned only the timber and mineral rights. Prior to 1928, Bradley was treasurer of the Board of Regents of the Morehead State Teachers College with the Aetna Casualty and Surety Company and the Fidelity and Deposit Company of Maryland on his bond.

On July 26, 1928, the Morehead State Bank closed, tying up the deposit of Bradley as Treasurer of the Board of Regents. The Board immediately made claim against Bradley's two sureties. Both of these companies were represented, as attorney, by Judge H. R. Dysard, of Ashland, Kentucky. They acknowledged liability in the sum of $60,000 and paid that amount. They were interested in recovering from the principal and it was as a result of this that the trust agreements and deeds hereinafter referred to came into being. Bradley owed many other creditors and was considerably involved.

Among his creditors was the Georgetown National Bank, administrator of the estate of J. W. Thacker, to which he was indebted in the sum of $15,000. On October 1st, 1928, this creditor filed suit on its claim in the Rowan Circuit Court.

On October 22, 1928, S. M. Bradley and wife executed to H. R. Dysard a trust agreement whereby Dysard was to liquidate the assets of the estate and reduce the indebtedness as speedily as possible, but was limited by the terms of the agreement to such an extent that it was practically impossible for him to act without the cooperation and consent of Bradley.

This agreement was duly recorded in the Rowan County Clerk's office on April 24, 1929. On December 1, 1928, S. M. Bradley and his wife executed to Dysard, Trustee, a deed for nineteen (19) parcels of land in Rowan County. This deed was recorded in the Rowan County Clerk's office on December 7, 1928. On the same day the Bradleys executed a deed to Dysard for mineral rights in five (5) parcels of land in Carter County. This deed was lodged in the proper office for record on December 6, 1928.

On March 3, 1930, the Rowan Circuit Court entered judgment for the Georgetown National Bank against Bradley on its $15,000 claim. Execution was issued

on this judgment and a levy was made on the nineteen (19) parcels of land in Rowan County, which had theretofore been deeded to Dysard, as the property of Bradley, on July 30, 1930. Lis pendens notice of this execution was recorded in the proper office on July 31, 1930. On January 28, 1931, execution was issued to and a levy thereunder made by the sheriff of Carter County on the interest of Bradley in the five (5) parcels of land in Carter County. Lis pendens notice was filed on January 31, 1931. Dysard never took the statutory steps required of a statutory assignee, but attempted to liquidate the Bradley assets under the trust agreement until May 30, 1935, at which time under proper proceedings the United States District Court for the Eastern District of Kentucky appointed a receiver for the estate of S. M. Bradley. On March 6, 1937, Bradley was adjudged a bankrupt on this voluntary petition and William H. Dysard qualified as trustee of the bankrupt estate.

The Georgetown National Bank files its proof of claim asserting a lien by reason of the levy of the execution on July 30, 1930, and January 28, 1931. The trustee opposes the allowance of this claim as preferred on the ground that at the time of the levy the title to the land was not in Bradley, but that at that time was in H. R. Dysard by reason of the deeds of December 1, 1928, and that the deeds were valid because they were made to carry out the terms of the trust agreement of October 22, 1928, which was intended to be and was an assignment for the benefit of creditors. And on the further ground that if the Georgetown National Bank ever had a lien it had been lost by delay and laches.

It is the contention of the Georgetown National Bank that the deeds and trust agreement were made to H. R. Dysard, not as an assignment for the benefit of creditors, but for the purpose of cheating, hindering and delaying creditors and that the deeds are void under Section 1906 Carroll's Kentucky Statutes, Baldwin's 1936 Edition.

Section 1681 of Carroll's Kentucky Statutes provides as follows: "Land to which the defendant has a legal or equitable title, in fee, for life, or for a term, whether in possession, reversion or remainder, or in which the defendant has a contingent interest or a contingent remainder or a defeasible fee, may be taken and sold under execution."

It is necessary to first determine where the title to Bradley's property was at the time of the levy of the executions by the sheriffs of Rowan and Carter Counties. If there was a genuine assignment for the benefit of creditors the deeds were not void. To determine this we must look to the intention of the parties at the time of executing the deeds and agreement as judged by their actions at that time and subsequently.

The deeds and agreement must be considered together if there is to be a statutory assignment for the benefit of creditors as claimed by the trustee. An assignment for the benefit of creditors contemplates that the property of the assignor will be speedily liquidated in so far as it is commensurate with good business practices, that the statutory requirements should be carried out and an orderly winding up of the assignor's estate for the benefit of creditors. Certain duties and responsibilities are fixed by the law upon the assignee. The assignor must take notice of these statutory requirements and cannot by the deed or his subsequent acts limit the powers and duties of the assignee. Kentucky Statutes, Secs. 74–82; Wakenva Coal Company, Inc., et al. v. Johnson et al., 234 Ky. 558, 28 S.W.2d 737.

In the agreement in the instant case the assignor was to make a sale of the property, the assignee was only to give a quit claim deed. This could not be a good faith assignment for the benefit of creditors. German Insurance Bank v. Nunes, etc., 80 Ky. 334.

An assignment for the benefit of creditors is essentially a generous gesture on the part of a hard pressed debtor. Here, according to the statement of Dysard, his whole conduct of the affairs of the estate were hampered and delayed by the assignor. It is clear that he never intended to make an assignment for the benefit of his creditors, but to use the method which he and certain creditors might suppose would secure them by preventing a sale of the property without their notice. Robinson, Norton & Company v. Worley, 42 S.W. 95, 19 Ky.Law Rep. 791; Scotts' Ex'r v. Scott, 85 Ky. 385, 3 S.W. 598, 9 Ky.Law Rep. 363; Fuller v. Pinson, 98 Ky. 441, 33 S. W. 399, 17 Ky.Law Rep. 102.

The rights of the Georgetown National Bank, once acquired by its execution levy, are not affected by delay. No one was

478

injured or placed in a more precarious position by reason of the delay. Donacher v. Tafferty et al., 147 Ky. 337, 144 S.W. 13.

■ There is no five year statute of limitation applicable to the execution of a void deed as provided by Section 1906. This question was recently considered by this Court and determined in the case of Wolf et al. v. Eblen, 6 Cir., 101 F.2d 469.

■ Counsel for the trustee cited the case of Butler v. Dillehay Brick Company's Trustee, 187 Ky. 224, 219 S.W. 154, 155, in support of the proposition that statutory requirements as to the duties of the assignee may be waived. That is true, but they must be waived by the creditors. In that case 98% of the creditors expressly waived certain of these statutory requirements, after a sale of the property was had, by appearing in the county court. In that case the purchaser of the property was complaining. In this case the creditor who is the cestui que trustent made no waiver and received no benefit from the trust.

In the Butler case the Court said: "In the instant case more than 98 per cent. of the creditors appeared before the county court and expressly waived the objections now being urged by appellant, and consented that the sale of the realty by the trustee might be executed and its terms carried out. The assignor, the Brick Company, actually joined in the tendered deed, which act on its part would, of course, constitute an estoppel as to it. Thus we see that the only parties beneficially interested, and being all who have the right to demand of the trustee the observance of the statutory requirements insisted upon, have expressly waived their right to insist upon them, and the appellant as purchaser, having no interest except to obtain a perfect title, is not in position to complain. That it is competent for the cestuis que trust to waive the observance of, and compliance with, the terms of the statute or the terms of the deed would seem to follow as a natural and logical consequence of the ordinary rules of practice regulating transactions between individuals. But we are not without authority to the effect that the observance of the requirements of statutes regulating assignments for the benefit of creditors as well as common-law deeds of trust may be waived by the creditors. 5 Corpus Juris, pp. 1047, 1048; Paxson v. Brown, 61 F. 874, 10 C.C.A. 135; Lacy v. Gunn, 144 Cal. 511, 78 P. 30; and Derry Bank v. Davis, 44 N.H. 548."

The case of Maskovitz v. Simon, etc., 110 Ky. 841, 62 S.W. 871, cited by counsel for the trustee is only authority for the proposition that it is the intention of the parties that must determine the actual effect to be given to the deed.

I am of the opinion that the ruling of the referee was correct and the petition for review should be dismissed. Proper orders should be submitted.