614

## COMMONWEALTH OF MASSACHUSETTS et al. v. UNITED STATES.

## UNITED STATES v. COMMONWEALTH OF MASSACHUSETTS et al.

### Nos. 4193, 4209.

Circuit Court of Appeals, First Circuit.

April 2, 1947.

Alfred E. LoPresti, Asst. Atty. Gen. (Clarence A. Barnes, Atty. Gen., and John A. Brennan, Chief Counsel, Division of Employment Security, of Boston, Mass., on the brief), for Commonwealth of Mass., intervenor, and Carlton W. Spencer, defendant.

Norman S. Altman, Sp. Asst. to the Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., and Helen R. Carloss, Sp. Asst. to the Atty. Gen., and George F. Garrity, U. S. Atty., and Thomas P. O'Connor, Asst. U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Before DOBIE (by special assignment) MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This case is here on cross appeals from the judgment of the district court. The question involves the application of Revised Statutes, § 3466 (1898),[1] 31 U.S.C.A. § 191, to payment of competing claims of the United States and the Commonwealth of Massachusetts against an insolvent taxpayer for unemployment compensation taxes under Title IX of the Social Security Act of 1935, 49 Stat. 620, 639, 26 U.S.C.A. Int. Rev.Code, § 1600 et seq., and the Massachusetts Unemployment Act. There is no dispute as to the facts which are briefly as follows: The Somerville Sales & Service, Inc., being insolvent in 1939 made a common law assignment for the benefit of creditors. The Commissioner of Internal Rev-

---

[1] "Sec. 3466. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

enue filed with the assignee a claim against the assignor for 1938 federal unemployment compensation taxes under Title IX of the Social Security Act in the sum of $963.08, for 1938 and 1939 federal insurance contributions taxes under Title VIII of said Act, 26 U.S.C.A. Int.Rev.Code, § 1400 et seq., in the sum of $690.05, and for 1939 capital stock tax in the sum of $21. The Commonwealth of Massachusetts filed with the assignee its claim for state unemployment taxes under Massachusetts Unemployment Compensation Act in the sum of $803.72, representing contributions for 1938 and 1939. On October 6, 1939 the assignee paid out of the sum of $1,135.11 which he had realized from the sale of the assets of the assignor $803.72 in full payment of the claim of the Commonwealth of Massachusetts and the remainder of $331.39 he paid to the Collector of Internal Revenue. This latter sum was credited to Title VIII taxes due for 1938 and there remained unpaid the sum of $1,342.74 with interest. Massachusetts has agreed to pay over the above mentioned $803.72 to the United States if the payment to it was in disregard of the priority of the United States under Rev.Stat. § 3466, and the United States has agreed that if it prevails the judgment shall be limited to $803.72.

The lower court held that the United States had priority as to its capital stock taxes, its Title VIII taxes, and 10 per cent of its Title IX taxes, but that it could not recover 90 per cent of its Title IX taxes, stating that the taxpayer or his assignee had the alternative right to pay the 90 per cent of his obligation under Title IX to an approved state unemployment fund. It cited Illinois ex rel. Gordon v. United States, 1946, 328 U.S. 8, 66 S.Ct. 841, in support of its decision as to capital stock taxes and Title VIII taxes but said that the Supreme Court had no occasion in that case to consider the problem whether as to the 90 per cent of the amount due for Title IX taxes the statute had not given the taxpayer the option of making payment to a state instead of to the United States.

Since the lower court handed down its decision in the instant case, the Supreme Court in People of State of Illinois ex rel. Gordon v. Campbell, 67 S.Ct. 340, restated

its position as follows: "Illinois ex rel. Gordon v. United States, 328 U.S. 8, 66 S.Ct. 841, held that in circumstances which called into application Rev.Stat. § 3466, 31 U.S.C. § 191, 31 U.S.C.A. § 191, the claims of the United States for federal insurance contributions taxes under Title 8 of the Social Security Act, 49 Stat. 620, 636, 42 U.S.C.A. § 1001 et seq., and for federal unemployment compensation taxes under Title 9 of the Social Security Act, 49 Stat., at page 639, 42 U.S.C.A. § 1101 et seq., had priority over claims of Illinois for taxes under its Unemployment Compensation Act. That decision is controlling, of course, upon the same feature of this case * * *."

■ Under said § 3466 it is stated that where a debtor is insolvent the debts due the United States must be paid first. There is no question but what these are debts due the United States. "The words of Section 3466 are broad and sweeping and, on their face, admit of no exception to the priority of claims of the United States." United States v. Waddill, Holland & Flinn, Inc., 1945, 323 U.S. 353, 355, 65 S.Ct. 304, 306, 89 L.Ed. 294. It has not been decided that taxes under Title IX of the Social Security Act are an exception which can be read into this statute and we do not think that they are. Nor do we think that § 902 amended by implication said § 3466. Recently the Supreme Court in United States Department of Agriculture v. Remund, 67 S.Ct. 891, 894, has said: "We reiterate what was said in United States v. Emory, 314 U.S. 423, 433, 62 S.Ct. 317, 322, 86 L.Ed. 315, 'Only the plainest inconsistency would warrant our finding an implied exception to the operation of so clear a command as that of § 3466.' "

■ "We agree that the social security legislation provides a method for accomplishing state and federal unemployment relief systems, integrated in plan, function, and purpose, and that sound state systems are essential to complete success of the Congressional plan. But we cannot agree that Congress thereby intended in effect to amend Section 3466, by making its priority provisions inapplicable to state unemployment tax claims." Illinois ex rel. Gor-

616

don v. United States, supra, 328 U.S. at page 11, 66 S.Ct. at page 843. There is nothing here to show any intention on the part of Congress that only 10 per cent of the taxes under Title IX of the Social Security Act should be collected by the United States from insolvents. The words of the Act do not show such intention and the court has no power to apply what it may deem equitable principles in the distribution of an estate when Congress has formulated the rule that must be applied. In re White Plains Oil Corp., 1941, 287 N.Y. 141, 38 N.E.2d 472.

The taxpayer was clearly insolvent at the time it made the assignment for the benefit of creditors. The total amount of its assets was $1,135.11 and apart from all other claims filed with the assignee the claim of the United States alone amounted to $1,674.13. The claim for taxes under Title IX was $963.08. The payment of Title VIII taxes and capital stock taxes would leave a balance in the hands of the assignee of only $424.06. This was clearly insufficient to pay Title IX taxes and the full amount of those taxes had to be paid before any payment could be made to the Commonwealth of Massachusetts. Under § 902 of the Act the only way in which a taxpayer may obtain a credit against Title IX taxes would be to make actual payment to a state. In this case such a payment could not be made until the United States claim was paid. By paying the United States as required under § 3466 there would be nothing left with which to pay Massachusetts. Hence there is no way by which a credit against Title IX taxes could be obtained.

The determination by the district court that the question was one of meeting alternative obligations was error. There was no such alternative obligation here. Section 3466 commanded the payment to the United States of debts due it and therefore there was no balance left to meet any state payment with which to obtain such credit.

The judgment of the District Court is affirmed as to Title VIII taxes and capital stock taxes and is reversed as to Title IX taxes, and the case is remanded to the District Court for judgment in conformity with this opinion.