In the Matter of the General Assignment for the Benefit of the Creditors of P. L. VAN HOESEN DRAPERY CONSULTANTS, INC. UNITED STATES OF AMERICA, Appellant; LEONARD E. MAAS, Respondent.

Fourth Department, February 18, 1965.

*John T. Curtin, United States Attorney* (*Stephen S. Joy* of counsel), for appellant.

*Lacy, Katzen & Greene* (*Burton J. Greene* of counsel), for respondent.

*Per Curiam.* In an order settling the accounts of the assignee for the benefit of creditors, the claims of 23 wage earners have been given full priority over the claims of the United States for taxes due it. From this order the United States appeals.

P. L. Van Hoesen Drapery Consultants, Inc., made an assignment for the benefit of creditors to Leonard E. Maas on April 19, 1963. On August 7, 1963 the United States by the Treasury Department (Internal Revenue Service) duly filed a claim with the assignee in the total amount of $9,729.84. There were three components which made up the claim: (1) withholding tax for the quarter ending December 31, 1962 in the amount of $4,691.87 which was assessed February 15, 1963; (2) Federal unemployment tax for the year 1962 in the amount of $326.75 which was assessed February 21, 1963; (3) withholding tax for the quarter ending March 31, 1963 in the amount of $4,711.22 which was assessed July 3, 1963.

There remains in the hands of the assignee, after complete liquidation and the payment of administration expenses and other claims not important to this appeal, the sum of $6,628.32. The United States urges that it is entitled to this entire fund because its tax claims were liens on the property of the assignor at the time of assignment and in any event section 191 of title 31 of the United States Code provides first priority to it as a creditor and this priority is superior to that given to the wage claimants by section 22 of the Debtor and Creditor Law.

It was error to give the wage claims priority over the claims of the United States for taxes due. It is abundantly clear that the claims for unemployment tax for 1962 and the withholding tax for the quarter ending December 31, 1962 each became liens on the property of the assignor prior to the assignment and must therefore be given full priority over the wage claims.

The claim for withholding tax for the quarter ending March 31, 1963 is somewhat more troublesome. As to this, the assessment was not filed until July 3, 1963, long subsequent to the assignment. There is no question, and the appellant concedes under these circumstances, no lien came into being. Thus if the United States is to succeed as to this portion of the claim, it must be as a priority creditor pursuant to section 191 of title 31 of the United States Code. The priority given wage claims

by section 22 of the Debtor and Creditor Law must yield to the priority created by the Federal statute as to tax claims due at the time of or prior to an assignment for the benefit of creditor (*Matter of Kupshire Coats,* 272 N. Y. 221). The decisive question in this case is, therefore, whether the withholding tax claim for the quarter ending March 31, 1963 was a debt due the United States on April 19, 1963 (the date of the assignment). We conclude that it was. The "pay as you go" tax plan and its development lead to the inescapable conclusion that withholding taxes which the employer is required to collect from the employees' wages, as and when paid become a debt due the Government when they are or should have been withheld (Internal Revenue Code, § 3403; Federal Tax Regulations [Code of Fed. Reg., tit. 26], § 31.3402[a]-1, subds. [a], [b]; § 31.6302[c]-1; § 31.6302[c]-2). Moreover it has been held that the term "debts due to the United States" as used in section 191 of title 31 of the United States Code should be construed with some liberality. (*Massachusetts* v. *United States,* 333 U. S. 611, 627, n. 26.) As early as 1832 it was held in interpreting a predecessor section of section 191, that an insolvent's "debt due" the United States included an obligation fixed and certain even though payable in the future (*United States* v. *State Bank of North Carolina,* 31 U. S. 29, 36; see, also, *Leggett* v. *Southeastern People's Coll.,* 234 N. C. 595). Thus in the case before us the obligation was fixed and certain on the date of the assignment and therefore due. The order insofar as it directs payment in full of the wage claims in the amount of $2,316.50 and the balance of the moneys in the hands of the assignee in the amount of $4,311.82 to be paid as full and final payment of the claim of the Internal Revenue Service should be modified and the assignee directed and ordered to pay to the Internal Revenue Service in satisfaction of its claim of $9,729.84 filed with the assignee the balance of the fund of the assignment estate in the amount of $6,628.32 and as modified the order should be affirmed.

WILLIAMS, P. J., GOLDMAN, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Order unanimously modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.