In the Matter of KUPSHIRE COATS, INC.

UNITED STATES OF AMERICA, Appellant; CHARLES GOLDBERG, as Assignee, et al., Respondents.

(Argued November 17, 1936; decided December 31, 1936.)

*Lamar Hardy, United States Attorney (Malcolm A. Crusius* of counsel), for appellant.

*Emil Schlesinger* and *Abraham Schlesinger* for Sam Pinkus et al., respondents.

CRANE, Ch. J.   This is an appeal by permission of the Appellate Division, first department, from an order unanimously affirming an order of the Special Term, which confirmed the report of a referee and directed the assignee for the benefit of creditors to pay the claims of wage earners prior to the claim of the United States government for taxes.

On or about November 23, 1934, Kupshire Coats, Inc., a manufacturer of ladies' coats and suits, made a general assignment for the benefit of creditors to Charles Goldberg, which assignment was recorded in the County Clerk's office on the 10th day of December, 1934.   On the said date there was due and owing to employees of the assignor the sum of $420.34, representing wages for work, labor and services performed by them within three months prior to the date of the execution of the assignment. Claims for these wages were duly filed.

The Collector of Internal Revenue, on behalf of the United States government, filed a claim with the assignee for unpaid taxes due from the assignor for some time

prior to the date of the assignment in the sum of $760.78. The assignee applied for an order settling and allowing his accounts, and the matter was referred to a referee to determine, among other things, the manner of the distribution of the assets. He filed his report giving a preference to the wage earners over the claim of the United States government, and it is the order confirming this report which is before us on appeal.

The question may be stated in this fashion: In view of section 64 (b) of the Bankruptcy Act, as amended in 1926, are wages due to workers entitled to priority in order of payment over taxes due to the United States government, where there has been no bankruptcy, but an assignment for the benefit of creditors made under and pursuant to the Debtor and Creditor Law of the State of New York?

Assignments under the Debtor and Creditor Law (Cons. Laws, ch. 12) of this State and bankruptcy proceedings are not one and the same thing. One is governed by State law and the other by the provisions of an act of Congress. Thus, the State law, section 22 of the Debtor and Creditor Law, giving preference to wages and salaries due at the time of assignment, where the services were rendered within three months prior to the execution of the assignment, not exceeding three hundred dollars to each employee, could not and would not apply to debts due the United States, provided such law was inconsistent and contrary to an act of Congress giving the claims of the Federal government priority. Such a Federal law has been upon the statute books since 1797. It is section 3466 of the Revised Statutes of the United States, title 31, United States Code, section 191, which reads: " Priority established. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall

extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Voluntary assignment for the benefit of creditors is specifically mentioned in this section, and unless there has been some modification or change in this law or some subsequent act which nullifies it, we should give effect to its plain statement and meaning. Here we have a corporate entity, the Kupshire Coats, Inc., indebted to the United States for taxes, and insolvent. It has made a voluntary assignment of its assets and, not having sufficient funds to pay all the debts due, those due to the United States are to be first satisfied. The respondents have claimed, and the courts below have held, apparently, that a change or modification in this law was made by the Bankruptcy Act and that the bankruptcy provisions apply to the voluntary assignments for the benefit of creditors under State laws. Section 64 of the Bankruptcy Act of 1898, U. S. Code, title 11, § 104, as amended by the act of May 27, 1926 (Ch. 406, § 15; 44 U. S. Stat. (666), reads:

" Section 64. Debts which have priority (a) The Court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: *Provided,* that no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the Court. Upon filing the receipts of the proper public officers for such payments the trustee shall be credited with the amounts thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court.

" (b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be * * * (5) wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceeding, not to exceed $600 to each claimant; (6) taxes payable under paragraph (a) hereof * * *."

We are of the opinion that these two statutes of the United States should be read together; that all claims of the United States in a voluntary assignment have preference over all other claims, including wages, and that the Bankruptcy Act only applies to cases of bankruptcy and to proceedings in the bankruptcy court, or coming within its jurisdiction.

In *Matter of People (Casualty Co. of America)* (232 N. Y. 559) we held that section 3466 of the Revised Statutes gave the United States the right to share in the assets of the Casualty Company of America on a claim which was contingent at the date of the entry of the order of liquidation, but which accrued prior to the distribution of the assets on an instrument given by the Casualty Company of America for the appearance of a defendant in a criminal case. Although the Bankruptcy Act did not enter into the decision, yet the rights of the United States government, under section 3466, were recognized and enforced. The limited application of the Bankruptcy Act even in the Federal courts and as relating to equity receiverships is fully reviewed in 43 Harvard Law Review, p. 251, " The Differences in the Priority of the United States in Bankruptcy and in Equity Receiverships."

While we find no case exactly in point, and counsel have none such on their briefs, yet reference may be made to *Cook County Nat. Bank* v. *United States* (107 U. S. 445); *Liberty Mut. Ins. Co.* v. *Johnson Shipyards Corp.* (6 Fed. Rep. [2d] 752); *Stripe* v. *United States* (269

U. S. 503); *County of Spokane* v. *United States* (279 U. S. 80); *New York* v. *Jersawit* (263 U. S. 493). In *Price* v. *United States* (269 U. S. 492) it was held that taxes due the United States are debts within the meaning of the Revised Statutes, section 3466, giving the United States priority in certain cases, and that the statute is to be construed liberally. In the following case (*Stripe* v. *United States*, p. 503) it was held that in an equity receivership the United States is entitled to have its claim against the corporation for taxes first satisfied, as provided in Revised Statutes, section 3466. If this section applies to equity receiverships it should also apply to voluntary assignments in State courts and carry with it the preference therein given.

The orders should be reversed in so far as they relate to the question here presented and the claim of the United States given preference over the wage claims, without costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.