In the Matter of the General Assignment for the Benefit of Creditors of T. J. SIMPSON, INC., to NEW YORK CREDIT MEN'S ASSOCIATION, Assignee, Respondent, against UNITED STATES OF AMERICA, Claimant, Appellant.

First Department, December 1, 1939.

*Matthew C. Cary, Assistant United States Attorney*, of counsel [*John T. Cahill, United States Attorney*, attorney], for the appellant.

*Arthur L. Nathanson* of counsel [*Aaron Rosen* with him on the brief; *Otterbourg, Steindler & Houston*, attorneys], for the respondent.

COHN, J. On November 26, 1937, T. J. Simpson, Inc., made an assignment for the benefit of creditors. On April 13, 1938, proof of claim was filed with the assignee by the United States government for social security taxes and penalties under title VIII of

the Social Security Act█ A referee, who had been appointed by the court to take and state the final account of the assignee, recommended that the claim for the principal sum of the taxes, as reduced, be allowed as a prior claim against the assignor's estate. The referee further reported that the tax penalties in the sum of $231.09 be disallowed as a prior claim on the ground that the rule applied in bankruptcy proceedings under section 57, subdivision j, of the Bankruptcy Act should govern here. In the order settling the accounts of the assignee the court adopted the referee's recommendations with respect to the appellant's claim. To the extent that its claim was denied priority, the government appeals.

The single question involved is whether tax penalties assessed by the United States government are a debt to be accorded priority in a State insolvency proceeding.

The Federal Constitution provides that Congress shall have the power to lay and collect taxes (Art. I, § 8, subd. 1) and to make all laws which shall be necessary and proper for carrying into execution this and its other powers (Art. I, § 1, subd. 18). The Constitution also declares that it and the laws made in pursuance thereof shall be the supreme law of the land. (Art. VI, subd. 2.)

Section 3466 of the Revised Statutes of the United States (U. S. Code, tit. 31, § 191), so far as pertinent, reads as follows: " Whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor * * * makes a voluntary assignment * * *." As the assignor was insolvent and made an assignment for the benefit of creditors, the quoted statute controls here. In such case the enactment requires that debts due the United States shall first be satisfied. In *Spokane County* v. *United States* (279 U. S. 80, at p. 87), Chief Justice TAFT, speaking for the court, said: " The constitutional validity of the priority of claims of the United States against insolvent debtors, declared in § 3466, was established by this court very early in the history of the Government. ( *United States* v. *Fisher*, 2 Cranch, 358.) "

The word " debts " as used in section 3466 has been held by the United States Supreme Court to include taxes (*Stripe* v. *United States*, 269 U. S. 503), and in the *Spokane* case (*supra*) it has been construed by that court to include penalties as well as taxes and interest.

Concededly, a tax penalty is not recoverable in bankruptcy cases by virtue of the provisions of section 57, subdivision j, of the Bankruptcy Act. (U. S. Code, tit. 11, § 93, subd. j.) However,

that rule is limited to bankruptcy proceedings and there is no prohibition against the collection of penalties in proceedings involving assignments for the benefit of creditors. That all claims of the United States in a voluntary assignment have preference over all other claims, including wages, and that the Bankruptcy Act only applies to cases of bankruptcy and to proceedings in the bankruptcy court has become the recognized rule in this State. (*Matter of Kupshire Coats, Inc.*, 272 N. Y. 221, 226; *Matter of Lincoln Chair & Novelty Co.*, 274 id. 353.) In *Matter of Lincoln Chair & Novelty Co.* (*supra*, at p. 356) LEHMAN, J., in discussing section 3466 of the Revised Statutes of the United States, said: " We have said recently, in construing that statute, that ' all claims of the United States in a voluntary assignment have preference over all other claims.' (*Matter of Kupshire Coats, Inc.*, 272 N. Y. 221, 226.) The State of New York has, as sovereign, a common law right of priority in payment of its claims out of the estate of an insolvent debtor, but that common law right of priority has been made subordinate to the statutory priority of the United States. No exception has been made by Congress in favor of claims of the State or of wage-earners or other persons. Upon the voluntary assignment of an insolvent debtor, the mandate of the statute that out of the estate of the insolvent ' the debts due to the United States shall be first satisfied ' is absolute. (*County of Spokane* v. *United States*, 279 U. S. 80.) "

Accordingly, we conclude that the mandate of section 3466 of the Revised Statutes is absolute regarding any claims on the part of the United States government for taxes, interest and penalties where a voluntary assignment for the benefit of creditors has been made, and that by virtue of the terms of that statute any such claim presented by the Federal government must be satisfied first.

The order so far as appealed from should, therefore, be reversed, with twenty dollars costs and disbursements, and the claim of the Collector of Internal Revenue for penalties in the sum of $231.09 should be allowed as a priority claim.

O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and the claim of the Collector of Internal Revenue for penalties in the sum of $231.09 allowed as a priority claim. Settle order on notice.