In the Matter of WHITE PLAINS OIL CORPORATION.
UNITED STATES OF AMERICA, Appellant; STATE OF NEW
YORK et al., Respondents.

Argued October 10, 1941; decided November 27, 1941.

*Mathias F. Correa, United States Attorney (Edward J. Ennis* and *John B. Creegan* of counsel), for appellant. The claim for the entire amount of the federal unemployment insurance taxes should be given priority over the claim for state unemployment insurance taxes. (*Stripe* v. *United States,* 269 U. S. 503; *Matter of Lincoln Chair & Novelty Co.,* 274 N. Y. 353; *Spokane County* v. *United States,* 279 U. S. 80; *Matter of Simpson, Inc.,* 258 App. Div. 148; *Matter of Kupshire Coats, Inc.,* 272 N. Y. 221; *Matter of Independent Automobile Forwarding Corp.,* 118 Fed. Rep. [2d] 537; *Morrissey* v. *Commissioner,* 296 U. S. 344; *Fawcus Machine Co.* v. *United States,* 282 U. S. 375; *National Lead Co.* v. *United States,* 252 U. S. 140; *Choteau* v. *Burnet,* 283 U. S. 691; *Heiner* v. *Colonial Trust Co.,* 275 U. S. 232.) The entire federal tax is prior to the wage claim. (*Matter of Kupshire Coats, Inc.,* 272 N. Y. 221.)

*John J. Bennett, Jr., Attorney-General (Francis R. Curran* and *Henry Epstein* of counsel), for State of New York, respondent. The Special Term properly applied the funds remaining in the assignee's hands to the payment of the outstanding priority claims. (*Chamberlain* v. *Andrews,* 271 N. Y. 1; 299 U. S. 515; *Matter of 67 Wall St. Restaurant Corp.,* 23 Fed. Supp. 672; *Carmichael* v. *Southern Coal & Coke Co.,* 301 U. S. 495.)

LEHMAN, Ch. J. White Plains Oil Company made a general assignment of its assets for the benefit of creditors in August, 1939. After payment of administration expenses the sum of $596.20 remained in the hands of the assignee for distribution to creditors. That sum is insufficient to pay in full the claim of the United States, for unpaid taxes, which is entitled to priority in payment in accordance with the provisions of statutes of the United States, and is insufficient, also, to pay a claim for unpaid wages due to an employee and a claim of the State of New York for unpaid taxes, entitled to priority, in accordance with the provisions of the Debtor and Creditor Law (Cons. Laws, ch. 12; L. 1909, ch. 17), over the claims of general creditors. Priority of all debts due to the United States, in accordance with the provisions of the statutes of the United States, before payment of any other debts which may be entitled to priority under the State law, has been authoritatively established by the decision of this court in *Matter of Kupshire Coats, Inc.* (272 N. Y. 221). The right of the United States to full payment of debts due to it for unpaid income taxes amounting to $167.58 and unpaid social insurance taxes amounting to $40.71, under title VIII of the Social Security Act is not challenged. The United States claims in addition that $436.64 is due for taxes, including interest and penalty, under the provisions of title IX of the Social Security Act (see 49 U. S. Stat. 639; U. S. Code, tit. 42, § 1101 *et seq.*) for the year 1937. It has been allowed only ten per cent of that claim. The assignee has been directed to pay out of the remainder of the funds in his hands $130 to a claimant for wages and $214.25 to the State of New York.

The problem presented upon this appeal concerns the amount of the debt due to the United States rather than the right of the United States to priority in payment of the debt actually owing to it; for right of priority in payment, in accord with our earlier decisions, is conceded by the state. The tax imposed upon the assignor under the provisions of section 901 of title IX of the Social Security Act is based upon the wages paid to employees and its amount is easily determined by computation. It is not disputed that with interest and penalty it amounts to $463.66 as claimed by the United States. The dispute arises over the construction and application of section 902 of the Social Security Act which provides that a taxpayer shall be entitled to credit against the tax imposed under section 901, the amount of contributions paid into an unemployment fund under a state law not exceeding ninety per cent of the tax against which it is credited.

The parts of section 902 of the Social Security Act, as amended in 1939 (53 U. S. Stat. 1399), which define the credit to which a taxpayer is entitled, read:

" Against the tax imposed by section 901 of the Social Security Act for the calendar year 1936, 1937, or 1938, any taxpayer shall be allowed credit for the amount of contributions, with respect to employment during such year, paid by him into an unemployment fund under a State law —

" (1) Before the sixtieth day after the date of the enactment of this Act;

" (2) On or after such sixtieth day, with respect to wages paid after the fortieth day after such date of enactment;

" (3) Without regard to the date of payment, if the assets of the taxpayer are, at any time during the fifty-nine-day period following such date of enactment, in the custody or control of a receiver, trustee, or other fiduciary appointed by, or under the control of, a court of competent jurisdiction."

A taxpayer, it must be noted, is entitled to credit for the amount of contributions which *have been* " *paid by him*," within the specified period or, " without regard to *the*

*date of payment,"* where, as in this case, the assets of the taxpayer are, at any time during that period, in the custody of a fiduciary appointed by, or under the control of a court of competent jurisdiction. Insolvency confers upon a taxpayer no right to any credit except for contributions " paid by him " into a state fund; it merely sanctions in proper case postponement of such payment until final distribution of the assets of the taxpayer in the custody of the fiduciary.

When Congress provides, as it has done in the Bankruptcy Act (U. S. Code, tit. 11), that claims for wages shall have priority over claims for taxes and that claims of the United States and of the State shall have *equal* priority over the claims of general creditors (see *Matter of Kupshire Coats, Inc., supra*), the distribution of the bankrupt's estate may present a difficult problem in cases where the assets are insufficient to pay in full either the federal tax imposed under the provisions of section 901 of title IX of the Social Security Act, or to pay in full the contributions to a state fund required by state law, which may be credited against the tax due to the United States in accordance with the provisions of section 902. In such case resort has been had to a " quadratic equation " to obtain a formula by which the assets may be divided between the contributions to the State fund and the tax due to the United States after credit has been allowed upon the amount of contributions actually paid out of these assets in manner which would give equal priority to the claims of the United States and of the State. (*Matter of Independent Automobile Forwarding Corp. [State of New York* v. *United States]*, 118 Fed. Rep. [2d] 537; application for certiorari granted October 13, 1941, 314 U. S. 592.)

Since here the claim of the United States has priority over the claims both of wage earners and of the State, no such problem arises. Out of assets insufficient to pay the tax due to the United States the courts have directed payment of only $43.66 to the United States and have directed payment of $130 to a wage earner and $214.25 to the State of New York. It is said that the statute shows " a continued intent " of Congress that not more than ten per cent

of the tax under title IX of the Social Security Act should ever be collected by the United States from insolvent estates and that " equitable principles should be applied " in order to effectuate that intent. The words of the statute enacted by Congress do not show such intent and a court has no power to apply what it may deem " equitable principles " in the distribution of an insolvent estate when Congress has formulated the rule that must be applied. Under the plain language of the statute a debt which has priority over debts owing to others is owing to the United States for the amount of the federal tax remaining due after credit has been allowed for contributions paid into a state fund out of the assets of the taxpayer. By no mathematical computation can a formula be devised by which part of the assets of the insolvent taxpayer can be used for the payment of the claim of the wage earner or for the payment of the claim of the state for contributions to the state fund without leaving unpaid a very substantial part of the tax due to the United States after the amount so paid for contributions to the state fund has been credited in accordance with the act of Congress. Diversion of any part of the insolvent estate to the payment of any claim other than that of the United States is to that extent a denial of the priority of payment of its debts which the United States may demand.

The order of the Special Term and that of the Appellate Division, so far as appealed from, should be reversed, without costs, and the assignee directed to apply upon the claim of the United States all the assets remaining after administration expenses have been met.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.