Dore, J.
In this general assignment proceeding for the benefit of creditors, the United States and the State of New York severally appeal from so much of two orders of Special Term as disallowed interest from date of assignment to date of distribution on the claim of the United States for social security and withholding taxes, and the claim of New York State for unemployment insurance taxes. The facts are not in dispute. The sole issue is one of law; viz., whether in a general assignment for the benefit of creditors, the United States and the State of New York are entitled to interest on tax claims not only to the date of the assignment but to the date of distribution.
Such post assignment interest has now been questioned since the Supreme Court of the United States in City of New York v. Saper (336 U. S. 328) has withheld post bankruptcy interest on all tax claims. That decision, however, was grounded on Congressional intent found in amendments to the Bankruptcy Law by the Chandler Act of 1938 (52 U. S. Stat. 840) placing tax claims in bankruptcy proceedings on a basis in many respects comparable to general claims.
In State insolvency proceedings, however, the contrary rule still survives and the United States by virtue of section 3466 of the Revised Statutes (U. S. Code, tit. 31, § 191) has an absolute priority unlimited by State law. In Matter of Lincoln Chair & Novelty Co. (Greenberg) (274 N. Y. 353) United States tax claims were accorded priority over the New York State claim for taxes in a voluntary assignment for the benefit of creditors. In Matter of Kupshire Coats, Inc. (272 N. Y. 221) in the case of such an assignment a United States tax claim was preferred over wage claims which were a first priority under section 22 of the Debtor and Creditor Law. Finally, in Matter of T. J. Simpson, Inc. v. United States (258 App. Div. 148) this court held the United States entitled to penalties and interest on its tax claim in a voluntary assignment proceeding. In the Simpson case {supra, p. 150), Mr. Justice Cohn writing for this unanimous court said: “ That all claims of the United States in a voluntary assignment have preference over all other claims, including wages, and that the Bankruptcy Act only applies to cases of bankruptcy and to proceedings in the bankruptcy court has become the recognized rule in this State. [Citing cases.] *598 * * * Accordingly, we conclude that the mandate of section 3466 of the Revised Statutes is absolute regarding any claims on the part of the United States government for taxes, interest and penalties where a voluntary assignment for the benefit of creditors has been made, and that by virtue of the terms of that statute any such claim presented by the Federal government must be satisfied first.”
In our opinion we must continue to allow first priority to the United States on its tax claims in assignments for the benefit of creditors, including post assignment interest. Any limitation whatsoever on priority claims of the United States must be accomplished in assignment proceedings, as it was accomplished in bankruptcy proceedings, through Congressional legislation and not by judicial decree.
The claim of the State of New York for post assignment interest on its unemployment insurance taxes must be determined under section 13 of the Debtor and Creditor Law and sections 570 and 574 of the Labor Law. Section 13 is a general statute relating to debts provable against the insolvent estate.
Until the State Legislature limits claims of the State of New York in general assignment proceedings, such claims must receive priority. Moreover, section 570 of the Labor Law provides (subd. 4) that interest on unemployment insurance taxes ‘ ‘ shall be assessed, collected and paid as part of the payment required to be made by the employer to the fund.” Section 574 of the Labor Law specifically provides that “ in the event of * * * assignment for benefit of creditors of any employer, contributions then and thereafter due from such employer under this article, together with any interest and penalties thereon, shall * * * have priority over all other claims, except taxes due the United States and wages due for employment performed within the three months preceding such event.” (Italics ours.)
In the appeals before us, the relevant statutes compel allowance of post assignment interest on the claims of the United States and the State of New York.
The orders so far as appealed from should be reversed and post assignment interest allowed on the claims of the United States and State of New York.
Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Orders, so far as appealed from, unanimously reversed, with one bill of $20 costs and disbursements to the appellants, and post assignment interest allowed on the claims of the United States and State of New York. Settle order on notice.