**JOBBERS CREDIT ASSOCIATION, Inc., As Assignee for the Benefit of Creditors of R. L. Graziano Sons, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 18411.**

United States District Court
E. D. New York.

May 12, 1958.

On Motion for Reargument
July 24, 1958.

Schwartz, Rudin & Duberstein, Brooklyn, N. Y., Max Schwartz, Brooklyn, N. Y., of counsel, for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, David A. Wilson, Richard T. Mulcahey, Attys., Dept. of Justice, Washington, D. C., Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., Lawrence G. Nusbaum, Jr., Asst. U. S. Atty., Brooklyn, N. Y., Clarence M. Dunnaville, Jr., Atty., Internal Revenue Service, Washington, D. C., for United States.

BRUCHHAUSEN, District Judge.

Both parties have moved for summary judgment herein.

This is an action to recover interest and penalties charged to and collected from the above named assigned estate and the plaintiff, as assignee, pursuant to Section 6656 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6656.

It is undisputed that on March 21, 1956, the above named R. L. Graziano Sons, Inc. executed and filed an assignment for the benefit of creditors; that prior to the execution and filing of the said assignment, claims for refund of income taxes were filed on behalf of the taxpayer and certificates of overassessment, totaling $45,405.06, were issued on October 31, 1957 for the years ending December 31, 1953 and 1954; that a portion thereof was credited to outstanding tax liability accounts and the remainder refunded to the taxpayer; that portions of the amount credited were applied in satisfaction of interest, accruing subsequent to the assignment date and in liquidation of a $550.78 penalty.

From the papers, the exact sum accruing after the assignment is uncertain. However, the taxpayer now offers to restrict its claims solely to those payments submitted by the Government as accruing subsequent to the assignment.

The parties agree that there is no question that interest is payable by the taxpayer on accruals prior to assignment, also that the general rule is that the Government may not recover interest accruing after the assignment is made. National Foundry Co. of N. Y. v. Director of Internal Revenue, 2 Cir., 229 F.2d 149.

The Government bases its right to interest after assignment on an exception to the general rule made in favor of a secured creditor. The exception is stated in In re Inland Gas Corporation, 6 Cir., 241 F.2d 374, 379, as follows: "If the value of the security is more than sufficient to pay both principal and interest thereon, payment of post-bankruptcy interest is allowed to the date of payment of the claim secured thereby." Also In re Macomb Trailer Coach, 6 Cir., 200 F.2d 611. The Government

maintains that its possession of the over-assessments places it in a position identical to that of a creditor holding collateral security and therefore it is entitled to interest after the assignment and until the time of payment.

■ Collateral security is defined as "a separate obligation attached to another contract to guaranty its performance." 1 Bouv.Law Dict., Rawle's Third Revision, p. 520. Section 6411(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6411(b), states in referring to tax adjustments: " * * * Such decrease shall be applied against any unpaid amount of the tax decreased * * * and any remainder shall be credited against any unsatisfied amount of any tax for the taxable year immediately preceding the taxable year of the net operating loss * * *. Any remainder shall, within such 90-day period, be either credited against any tax or installment thereof then due from the taxpayer, or refunded to the taxpayer."

The wording appears to establish accounting procedure rather than collateral security.

■ Plaintiff is not entitled to the $550.78 penalty since it accrued prior to the assignment. In National Foundry Co. of N. Y. v. Director of Internal Revenue, 2 Cir., 229 F.2d 149, 150, the Court states that "interest and penalties do not accrue after the bankruptcy." In that case a penalty accruing after the bankruptcy was barred. In this case the penalty accrued before the bankruptcy therefore National Foundry Co. of N. Y. v. Director of Internal Revenue, supra, does not apply.

The motions are granted to the extent that the plaintiff is entitled to recover the amount of the interest accruing subsequent to the assignment date and the defendant is entitled to retain the amount of interest accruing prior to such date and the penalty of $550.78.

Settle order on notice.

### On Motion for Reargument

The plaintiff moves for reargument of the motions for summary judgment herein.

The plaintiff sought recovery of interest and penalties charged to and collected from the above named assigned estate and the plaintiff, as assignee, pursuant to Section 6656 of the Internal Revenue Code of 1954.

In a memorandum opinion, dated May 12, 1958, the Court granted the motions to the extent that the plaintiff recover the amount of the interest accruing subsequent to the assignment date and that the defendant retain the amount of interest accruing prior to such date and the penalty of $550.78.

The plaintiff on the present motion contends that the Court erred in denying recovery by it of the penalty. It contends that Section 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, barred the Government from collecting such penalty.

■■ Priority of payments when an assignment for the benefit of creditors has been made is established by 31 U.S.C.A. § 191. That statute gives primary priority to debts owed to The United States. Debts have been held to include penalties as well as taxes. Spokane County v. United States, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621; In re White Plains Oil Corp., 287 N.Y. 141, 38 N.E. 2d 472; T. J. Simpson, Inc., v. United States, 258 App.Div. 148, 15 N.Y.S.2d 1021. The question then is whether Section 57, sub. j of the Bankruptcy Act affects assignments for the benefit of creditors so as to supercede priorities established by 31 U.S.C.A. § 191.

In the T. J. Simpson case, supra, the Court held that Section 57, sub. j was limited to bankruptcy proceedings and that there was no prohibition against collecting penalties in an assignment for the benefit of creditors.

In cases involving Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, the courts have held that where there was no evidence that the Bankruptcy Act was intended to eliminate the priorities in 31 U.S.C.A. § 191. United States v. Emory, 314 U.S. 423, 62 S.Ct. 317, 86 L.Ed. 315, noting T. J. Simpson, supra. See, also, Kupshire

Coats, Inc., v. United States, 272 N.Y. 221, 5 N.E.2d 715.

Authority cited by plaintiff is concerned with cases involving proceedings under the Bankruptcy Act and are not pertinent here.

The motion for reargument is granted and upon reargument the original decision is adhered to.