## In re Campbell and Campbell, Inc.

[313 A.2d 397]

No. 140-72

Present: Barney, Smith, Keyser and Daley, JJ., and Hill, Supr. J.

Opinion Filed December 4, 1973

*William M. McCarty, Esq.,* Brattleboro, for the Receivers.

*Scott P. Crampton,* Assistant Attorney General, Department of Justice, *Karl Schmeidler, Esq., Meyer Rothwacks, Esq.,* and *Charles S. Anderson, Esq.,* Tax Division, Department of Justice, Washington, D.C., and *George W. F. Cook,* United States Attorney, of counsel, for the United States of America.

**Smith, J.** Campbell and Campbell, Inc., sought dissolution under 11 V.S.A. Chapter 1. That provision is now repealed. See No. 237 of the Public Acts of 1971 (Adj. Session) § 100. The only issue presented here is whether the Windham County Court, sitting as a Court of Chancery, in its order distributing the assets of the corporation to the persons entitled thereto, should have allowed the United States to recover delinquency penalties under 31 U.S.C. § 191. The chancellor did find that the United States did have a priority as to its claim for unpaid taxes, but held that such priority did not extend to the penalties assessed on the back taxes.

31 U.S.C. § 191, generally known by its prior designation as Revised Statutes § 3466, provides:

Whenever any person indebted to the United States is insolvent . . . debts due to the United States shall be first satisfied, and the priority established shall extend as well to cases in which a debtor makes a voluntary assignment thereof . . . .

There is no dispute but that Campbell and Campbell, Inc., was at all times insolvent and Section 191 undisputably applies. The appellees argue, and the Chancellor below determined, that Section 57j of the Bankruptcy Act (11 U.S.C. § 93) was determinative on the issue of whether the United States could collect the penalties on the taxes due it. That provision states that, in actions of bankruptcy brought under the Federal Bankruptcy Laws in the United States District Court, penalties and forfeitures due to the United States, except pecuniary losses sustained by the act for which the penalty arose, are not allowable claims.

But this is not a proceeding in federal bankruptcy. The Chancellor's view that allowing the United States to collect penalties and forfeitures, in addition to its taxes, would inevitably result in a reduction of recovery from the insolvent corporation is understandable in its desire to do equity to other creditors of the insolvent corporation. But the hard fact still remains that this was a proceeding, under Vermont law, to dissolve an insolvent corporation.

There is little doubt that the federal government has the power to give priority to all debts due it in insolvency, and that the conflicts arising therefrom are issues of federal law. See discussions in *United States* v. *Vermont*, 317 F.2d 446, 449 (2d Cir. 1963), and on appeal, *United States* v. *Vermont*, 377 U.S. 351, 357 (1963). Indeed, this is not in dispute.

31 U.S.C. § 191 is a venerable statute. It is based on sovereign prerogative and designed to protect the public revenues. *United States* v. *Key*, 397 U.S. 322, 327 (1970). This priority must apply unless plainly excepted. *Id.* 397 U.S. at 324.

It is undisputed that taxes are "debts" due to the United States and entitled to the priority of Section 191.

Although the United States Supreme Court does not seem to have specifically passed on the issue, it appears that tax

penalties are also entitled to that priority in insolvency proceedings not under the Federal Bankruptcy Law. In *County of Spokane* v. *United States*, 279 U.S. 80 (1929), the Supreme Court assumed that the tax penalties there were included in the priority of Section 191, although the issue may not have been raised.

Lower courts have passed on this issue and have specifically ruled that tax penalties are accorded the priority of Section 191 in these circumstances. *Jobbers Credit Association, Inc.* v. *United States*, 164 F.Supp. 22 (E.D.N.Y. 1958), is cited by the court below. In that case there was an assignment for the benefit of creditors. There was no Federal Bankruptcy proceeding. The assignee sought to recover tax penalties paid to the United States under Section 191. The District Court refused, stating that the United States was entitled to those tax penalties under Section 191. *Id.* 164 F.Supp. at 24.

The court below distinguished *Jobbers Credit,* stating that it did not involve a "bankruptcy situation similar to the case before us." The case "before us" is, of course, not a bankruptcy under the Federal Bankruptcy Act. It is a Vermont proceeding to liquidate a corporation which happens to be insolvent. The language of *Jobbers Credit* does not seem to agree with the court below. The District Court said at 164 F.Supp. at 24: "in this [*Jobbers*] case the penalty accrued before the bankruptcy. . . ." Presumably the word "bankruptcy" is here used as a synonym for "insolvency", just as the Chancellor did below. Presumably the word "bankruptcy" means that the debtor in *Jobbers Credit* was insolvent. Therefore, *Jobbers Credit* is on point.

Federal law controls this issue. (See above.) Therefore, the decision of the Federal court in *Jobbers Credit* has precedential value for this Court.

*In re assignment for benefit of creditors of T. J. Simpson, Company,* 258 App. Div. 148, 15 N.Y.S.2d 1021 (1939), is also on point. It is in accord with *Jobbers Credit* on this issue and supports the appellants here.

The Internal Revenue Service takes the position of *Jobbers Credit.* That is, penalties are entitled to the priority of Section 191 in state insolvency proceedings. See Rev. Rul. 68–574, 1968–2 Cum. Bull. 595.

█ The Supreme Court has said that the priority of Section 191 is "absolute". *U.S.* v. *New Britain*, 347 U.S. 81, 85 (1954). It has stated that Section 191 applies to all matters, including Federal Bankruptcy action, unless plainly excepted. *United States* v. *Key, supra.* This implies that Section 191 embodies the general policy of Congress relative to priority of penalties as debts due the United States. Appellees' position is based on the theory that Section 57 of the Bankruptcy Act is that policy.

The only conclusion consistent with prior law is that the absolute priority of 31 U.S.C. § 191 applies to United States tax penalties in insolvency proceedings brought under state law. It should, therefore, apply in this case.

*The judgment below is reversed, and the cause is remanded for a new judgment order consistent with the views expressed in this opinion.*