OPINION OF THE COURT
Memorandum.
Order affirmed, without costs.
The issue presented on appeal is whether in an assignment for the benefit of creditors the Small Business Administration (SBA) is entitled to priority, pursuant to section 191 of title 31 of the United States Code, over other unsecured claims, including the wage claims of appellants, which would otherwise have been entitled to priority under section 22 of the Debtor and Creditor Law.
*214 Section 191 of title 31 of the United States Code (recodified to US Code, tit 31, § 3713 on Sept. 13,1982) provides in substance that: “Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof”.
Therefore, where, as in the instant case, a debtor is insolvent and makes an assignment for the benefit of his creditors, the Federal Government is entitled to priority as to all claims due it (United States v Moore, 423 US 77; United States v Vermont, 377 US 351; Small Business Admin, v McClellan, 364 US 446; United States v Remund, 330 US 539). No State can create a priority in favor of other creditors to supersede that of the Federal Government (United States v Oklahoma, 261 US 253). In conflicts between the priorities to be accorded claimants under a State priority statute and that of the United States, the cases have uniformly upheld the Federal priority (see United States v Emory, 314 US 423; United States v Division of Labor Law Enforcement Dept. of Ind. Relations, 201 F2d 857; Strom v Peikes, 123 F2d 1003; Matter of Xelco Corp., 28 Wn App 878; Leggett v Southeastern People’s Coll., 234 NC 595). More particularly, New York has upheld the Federal priority over that given by section 22 of the Debtor and Creditor Law (Matter of White Plains Oil Corp., 287 NY 141; Matter of Kupshire Coats, 272 NY 221; Matter of Van Hoesen Drapery Consultants, 22 AD2d 465).
Appellant seeks to avoid this result by relying upon United States v Kimbell Foods (440 US 715). In our opinion, Kimbell (supra) has no applicability herein. Kimbell was not concerned with the Government’s priority under section 191 of title 31 of the United States Code as to the assets of an insolvent debtor. At issue in Kimbell was whether contractual liens arising from Federal loan programs took precedence over private liens upon a solvent debtor, absent a Federal statute that set priorities. Within that framework, the court held that absent a congressional *215 directive, the relative priority of the private liens and liens arising from Government lending programs is to be determined by nondiscriminatory State laws inasmuch as the Government, when acting as a commercial lender, does not require special priority.
It is evident that the rationale of Kimbell (supra) has no relevance herein, as the debtor is insolvent and Congress has provided for governmental priority as to the debtor’s assets.
The case of United States v S. K. A. Assoc. (600 F2d 513), also relied upon by appellants, is likewise inapposite. In that case it was held that even as to an insolvent debtor, the Government was not entitled to the priority of section 191 of title 31 of the United States Code where it was acting in the nature of a commercial lender. Even assuming the validity of the court’s reasoning in S.K.A. Assoc. (supra), the case is distinguishable as it dealt with the priority of lienholders. Inasmuch as neither section 191 of title 31 of the United States Code nor section 22 of the Debtor and Creditor Law creates a lien (United States v Oklahoma, supra; Strom v Peikes, supra), we are only concerned with the Government’s right to priority over that created by State law in favor of the other nonsecured wage creditors, which conflict must be resolved in favor of the Federal Government.
We note that inasmuch as the priorities are set as of the time of the general assignment for the benefit of creditors, .at which time the SBA was the owner of the claim, the relative rights of the prior owner of the claim are irrelevant.
Farley, P. J., Geiler and Widlitz, JJ., concur.