756 A.2d 583

UNITED STATES

v.

Carla BIELASKI, as Personal Representative
of the Estate of Daniel Shay, et al.

No. 149, Sept. Term, 1999.

Court of Appeals of Maryland.

July 26, 2000.

Stuart M. Fischbein (Kenneth L. Greene and Bridget M. Rowan, Dept. of Justice, on brief), Washington, DC., of Counsel: Lynn Ann Battaglia, U.S. Atty., for appellant.

No argument on behalf of appellees.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and HARRELL, JJ.

BELL, Chief Judge.

At issue in this case are the competing claims of the United States and six general creditors of the Estate of Daniel Shay. The claim of the United States is pursuant to 26 U.S.C. § 6672 [1] of the Internal Revenue Code and represents mostly a penalty assessed against the deceased for unpaid employment taxes of Shay Heating and Air Conditioning Company, Inc. ("Shay Heating"), of which at the time of his death and when the claim accrued, the decedent was the president and sole shareholder. The United States maintained that 31

---

1. 26 U.S.C. § 6672 provides:
 " *Failure to collect and pay over tax, or attempt to evade or defeat tax:*
 "(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title, who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II of subchapter A of chapter 68 for any offense to which this section is applicable.

U.S.C. § 3713(a)(1)(B),[2] the Federal Insolvency Statute, gave its claim priority. The Orphans' Court for Montgomery County found to the contrary and, therefore, ordered the assets of the estate, which were insufficient to pay all of the decedent's debts, to be distributed in accordance with the ratio of the claims. We granted certiorari on our own motion prior to proceedings in the Court of Special Appeals. We shall reverse.

## I.

Daniel M. Shay, the decedent, died testate on October 26, 1994. Pursuant to his will, Carla Bielaski, the appellee,[3] was appointed personal representative of his estate, which is being probated in the Orphans' Court for Montgomery County. The Internal Revenue Service ("IRS") filed, in the Orphans' Court on behalf of the United States, the appellant, and against the decedent's estate, a Proof of Claim for Internal Revenue Taxes, which alleged the estate's indebtedness, in the amount of $40,790.98, to the United States. The debt, the IRS stated in the form, was "for taxes due under the internal revenue

2. The statute provides:
"*Priority of Government claims*
 "(a) (1) A claim of the United States Government shall be paid first when—
 "(A) a person indebted to the Government is insolvent and—
 "(i) the debtor without enough property to pay all debts makes a voluntary assignment of property;
 "(ii) property of the debtor, if absent, is attached; or
 "(iii) an act of bankruptcy is committed; or
 "(B) the estate of a deceased debtor, in the custody of the executor or. administrator, is not enough to pay all debts of the debtor.
 "(2) This subsection does not apply to a case under title 11.
 "(b) A representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government."

3. In addition to Ms. Bielaski, the six general creditors, Rheem Manufacturing, R.E. Michel Company, Lennox Industries, Sandy Spring Bank, Vicky Shay and Sue Ferris, are named as appellees. Five of the general creditors joined in the submission of the Statement of the Case in Lieu of Entire Record. Only Ms. Ferris did not sign off on the statement.

laws of the United States." Of the total amount due, $38,528.78 was characterized as "WT–Fica, 100% penalty, Pecuniary loss" while the remaining $2,262.20 was described as "Interest to 06–30–96" and "Penalty to 06–30–96." Citing § 3713(a) of the Federal Insolvency Statute, the IRS asserted that the "debt has priority and must be paid in full in advance of distribution to creditors to the extent provided by law." In addition to the United States, six general creditors filed claims against the decedent's estate totaling $271, 707.

At the time of his death, in addition to being president and sole shareholder of Shay Heating, the decedent was a 50% partner with Edward Michaels in DMS Associates, a partnership with several real estate holdings. Subsequent to the filing of the claim by the United States, in order to resolve claims and disputes between the decedent's estate and Mr. Michaels and DMS Associates, Ms. Bielaski and Mr. Michaels entered into a settlement, contingent on court approval, under which Mr. Michaels would purchase the assets of DMS Associates for $14,000, resulting in total assets of the estate of approximately $96, 936.84, and assume all the liabilities of the partnership. In her Motion to Accept Proposed Payment of Claims, the appellee requested that the $74, 936.84 balance remaining in the estate after the administration expenses of $22,000 had been paid, be distributed on a pro-rata basis to the six general creditors of the estate, Rheem Manufacturing, R.E. Michel Company, Lennox Industries, Sandy Spring Bank, Vicky Shay, and Sue Ferris.

Over the United States' objection and despite its priority argument, after a hearing, the motion was granted and the Orphans' Court ordered distribution of the estate's assets to the general creditors pro rata, with the United States to receive none. That portion of the order subsequently was vacated on motion of the United States, however. Thereafter, following a meeting of creditors, the court issued its Memorandum Opinion and Order, in which it rejected the United States' claim of priority:

"The claim of the Internal Revenue Service in the amount of Forty Thousand Seven Hundred Ninety Dollars and Nine-

ty–Eight Cents ($40,790.98) is a claim for penalty and interest upon taxes which have already been paid by or on behalf of the decedent. After an examination of the applicable Estates & Trusts Statute pertaining to this issue, Estates & Trust Section 8–105,[4] which sets forth the order of payment when there are insufficient assets in the estate, provides that the sixth item of priority are taxes due by the decedent. It is the belief of this court upon examination of the statute and applicable authorities and upon argument of counsel that the amount due the Internal Revenue service are not taxes due from or by the decedent, but is simply a debt due from the decedent upon taxes previously paid. As a consequence, the claims of the Internal Revenue Service is accorded the same status as other claims under Category 11 of E.T. Sec. 8–105."

The court, instead, ordered that the assets of the estate be distributed among all the creditors, including the United States, pro rata. The motion of the United States to amend

---

4. Maryland Code (1957, 1996 Repl.Vol.) § 8–105:
" § 8–105. Order of payment
"(a) Insufficient assets.—If the applicable assets of the estate are insufficient to pay all claims in full, the personal representative shall make payment in the following order:
"(1) Fees due to the register;
"(2) Costs and expenses of administration;
"(3) Funeral expenses as provided in § 8–106 of this subtitle;
"(4) Compensation of personal representatives as provided in 7–601 of this article, for legal services as provided in 7–602 of this article, and commissions of licensed real estate brokers;
"(5) Family allowance as provided in 3–201 of this article;
"(6) Taxes due by the decedent;
"(7) Reasonable medical, hospital, and nursing expenses of the last illness of the decedent;
"(8) Rent payable by the decedent for not more than three months in arrears;
"(9) Wages, salaries, or commission for services performed for the decedent within three months prior to death of the decedent;
"(10) Old age assistance claims under Article 88A, § 77 of the Code; and
"(11) All other claims.
"(b) A preference shall not be given in the payment of a claim over another claim of the same class. A claim due and payable is not entitled to a preference over claims not yet due.

the judgment to the extent that it failed to accord priority to its claim was denied, after which the United States noted a timely appeal to the Court of Special Appeals. As noted, while the case was pending in that court, we granted certiorari to address this important issue.

## II.

The United States' argument is straight forward and simple: the matter of the priority of its claim over that of the general debtors is controlled by the Federal Insolvency Statute and not Maryland law. Noting that § 3713(a)(1)(B) of that statute requires that "[a] claim of the United States Government shall be paid first when ... the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor,"it concludes that "[t]he Federal Insolvency Statute thus explicitly and unequivocally gives priority to debts due the United States." The United States is correct.

This Court has previously considered the priority of claims by the United States under the Federal Insolvency Statute. In *Brown v. Coleman,* 318 Md. 56, 566 A.2d 1091 (1988), there were competing claims by the United States and the victims of a fraudulent investment scheme to the proceeds of the liquidation sale of the defrauded's assets. The claim of the United States was for taxes and penalties and interest, the amount of which was based on income, consisting of the monies the defrauder acquired through the fraud, which should have been reported and constituted taxable income, *see* Internal Revenue Code 26 U.S.C. § 61 (1982, Supp. V 1987). Relying on the Federal Insolvency Statute, the United States asserted priority over any distribution to the victims of the fraud and, because the amount of the claim exceeded the total amount available for distribution, it sought payment of the entire distribution. The Maryland Securities Commissioner, believing that result would be unfair, sought to avoid it by having it declared that the funds were held in constructive trust for

defrauded investors, and thus unavailable to satisfy the United States' claim.

This Court held that the United States was entitled to the priority. In so holding, we recognized that the priority of the federal insolvency statute extends to all of a debtor's property until his debt is paid, *Brown v. Coleman,* 318 Md. at 65–66, 566 A.2d at 1096 (1989), *citing Hunter v. United States,* 5 Pet. 173, 184, 8 L.Ed. 86 (1831), but that what constitutes a debtor's property at the critical time is a matter of State, rather than federal law. *Id.* at 66, 566 A.2d at 1096. Moreover, we pointed out that "[t]he priority established by § 3713 is a matter of federal law. The statute cannot be impaired or superseded by a state law." *Id.* at 66, 566 A.2d at 1096, *citing United States v. Oklahoma,* 261 U.S. 253, 260, 43 S.Ct. 295, 298, 67 L.Ed. 638, 644 (1923); *Field v. United States,* 9 Pet. 182, 201, 9 L.Ed. 94 (1835); *Mickelson v. Barnet,* 390 Mass. 786, 460 N.E.2d 566, 571 (1984). Finally, we confirmed what the United States now argues, that "[t]he federal insolvency statute 'on its free permits of no exceptions whatsoever' and it 'applies to all the insolvent's debts to the Government, whether or not arising from taxes, and whether or not secured by a lien.'" *Id.* at 65, 566 A.2d at 1095, *quoting United States v. Vermont,* 377 U.S. 351, 357, 84 S.Ct. 1267, 1270–1271, 12 L.Ed.2d 370 (1964).

*Massachusetts v. United States,* 333 U.S. 611, 68 S.Ct. 747, 92 L.Ed. 968 (1948) is to the same effect. There, the issue was whether the United States has priority, by virtue of the federal insolvency statute, for payment from an insolvent debtor's estate of federal insurance contribution taxes, unemployment compensation taxes and capital stock taxes, as against a state's claim for unemployment compensation taxes imposed by its statute conforming to the federal act's requirements. The Supreme Court held that the United States had priority, pointing out that

"[the insolvency statute] gives priority explicitly for 'debts due to the United States' and the priority given is in terms

absolute, not conditional. Once attaching, it is final and conclusive."

*Id.* at 625, 68 S.Ct. at 755–56, 92 L.Ed. at 978.

 Furthermore, it is well settled that taxes due the Government are 'debts' within the meaning of the insolvency statute. *Id.* at 625, 68 S.Ct. at 755–56, 92 L.Ed at 978. *See also United States v. Waddill, Holland, & Flinn,* 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294 (1945) (unemployment compensation taxes and a debt arising out of a Federal Housing Administration transaction); *United States v. Texas,* 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356 (1941) (gasoline taxes); *New York v. Maclay,* 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754 (1933) (income taxes); *Price v. United States,* 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373 (1926) (income taxes and customs duties); *Stripe v. United States,* 269 U.S. 503, 46 S.Ct. 182, 70 L.Ed. 379 (1926) (income tax, excess profits, and capital stock taxes). So too have tax penalties been recognized as debts for purposes of the insolvency statute. *Spokane County v. United States,* 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621 (1929) (income taxes and penalties); *United States v. Rome,* 414 F.Supp. 517, 518 (D.Mass.1976); *Jobbers Credit Association, Inc. v. United States,* 164 F.Supp. 22, 24 (E.D.N.Y.1958); *Mickelson v. Barnet,* 390 Mass. 786, 460 N.E.2d 566, 570 (1984); *In Re Campbell and Campbell, Inc.,* 131 Vt. 617, 313 A.2d 397, 400 (1973).

JUDGMENT OF THE ORPHANS' COURT FOR MONT-GOMERY COUNTY REVERSED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO ENTER JUDG-MENT IN FAVOR OF THE UNITED STATES. COSTS TO BE PAID BY THE APPELLEES.